1813.

*Philadelphia, Saturday, July 10.*

The Commonwealth *against* ADDICKS and wife.

Although this Court are bound to deliver all persons by the writ of *habeas corpus*, from illegal restraint, yet they are not bound to decide who is entitled to the guardianship of children, or to deliver them to the custody of the father, even where he has been divorced from the mother, on account of her adultery; but they may in their discretion do so, if they think proper.

THE Court, upon the application of *Joseph Lee*, granted a *habeas corpus* to the defendants, to bring up two female children, his daughters, in their custody; and they were accordingly brought into Court, under the care of their mother, *Barbara Addicks*, with whom, as was stated in the return, they had lived ever since their birth.

One of the children was ten, the other about seven years old.

*J. R. Ingersoll* for the father, read to the Court the proceedings in the Common Pleas, upon a libel for divorce by *Lee* against *Barbara*, at present the wife of *Addicks*, by which it appeared, that about the beginning of the present year, she had had a child by *Addicks*, and for some time before, and constantly since, had lived with him. *Lee* was divorced from her *a vinculo*, for this cause, on the 12th of *June* 1813; and since that time, the wife and *Addicks* were married, notwithstanding the act of the 19th of *September* 1785, which prohibits the party who is guilty of adultery, from marrying with the paramour, during the life of the former husband. He contended that the father, as the natural guardian of the children, had a right to their custody, and that the nature of the intercourse between their mother and *Addicks*, rendered it highly improper to permit them to remain under her care.

*Hopkinson* contra, replied, that it was entirely in the Court's discretion to interfere or not, as there was no illegal restraint of the children; and for the purpose of enabling the Court to exercise a sound discretion upon the subject, he gave to them an outline of the mother's history, her marriage with *Lee*, his conduct to her and his family, and the circumstances under which her acquaintance with *Addicks*, and her subsequent indiscretion had originated. From the whole it appeared, that she was at least as unfortunate, as she was culpable; that for four years prior to the divorce, from the embarrassments of *Lee*, and other causes, he had

made no provision for either his wife or these children, although he had been applied to for this purpose. That during this period, the mother had kept a boarding house, and had educated the children herself, having applied in this manner the accomplishments she had acquired in the course of an excellent education in *Canada*. That the marriage with *Addicks* had taken place without a knowledge of the legal impediment, and that in no respect had her intercourse with him, interfered with the attention that was due to the children, whose sex as well as age, particularly required the care of a mother.

*J. R. Ingersoll* on the other hand, made a statement to exculpate the husband, and to shew that his pecuniary circumstances, which at one time prevented him from giving aid to his family, now enabled him to educate and maintain the daughters, as he did a son of the same marriage, who had always been under his care.

One fact was not disputed, that the children were well treated and educated by the mother, and had hitherto in no respect suffered under her care.

After holding the case under advisement for a day, the Chief Justice now delivered the Court's opinion.

TILGHMAN C. J. We have considered the law, and are of opinion, that although we are bound to free the person from all illegal restraints, we are not bound to decide who is entitled to the guardianship, or to deliver infants to the custody of any particular person. But we may in our discretion do so, if we think that, under the circumstances of the case, it ought to be done. For this we refer to the cases of *The King* v. *Smith*, 2 *Stra.* 982, and *The King* v. *Delaval*, 3 *Burr.* 1436. The present case is attended with peculiar and unfortunate circumstances. We cannot avoid expressing our disapprobation of the mother's conduct, although so far as regards her treatment of the children, she is in no fault. They appear to have been well taken care of in all respects. It is to *them*, that our anxiety is principally directed; and it appears to us, that considering their tender age, they stand in need of that kind of assistance, which can be afforded by none so well as a mother. It is on their ac-

count, therefore, that exercising the discretion with which the law has invested us, we think it best, at present, not to take them from her. At the same time, we desire it to be distinctly understood, that the father is not to be prevented from seeing them. If he does not choose to go to the house of their mother, she ought to send them to him, when he desires it, taking it for granted that he will not wish to carry them abroad, so much as to interfere with their education.