Reeves v. Reeves.

No. 9089.

REEVES v. REEVES.

HUSBAND AND WIFE.—*Parent and Child.*—*Divorce.*—*Custody of Child.*— *Habeas Corpus.*—*Evidence.*—Upon the trial of an application by a divorced wife for a writ of *habeas corpus* against her divorced husband, and her verified complaint for the custody of their child, evidence that the child was five years old, weighing but a little over thirty

pounds, and was not a hearty boy, sufficiently sustains a finding of the trial judge in favor of the mother, and a judgment that the care, custody and control of the child be given to her.

SAME.—In such case, the mother, unless an unfit person, ought to have the care, custody, and control of the child.

From the Judge of the Huntington Circuit Court, in vacation.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer*, for appellant.

*A. Moore* and *L. P. Milligan*, for appellee.

HOWK, C. J.—This is an appeal from the order and judgment of the judge of the Huntington Circuit Court, in an application for a writ of *habeas corpus.* On the verified complaint of the appellee, the mother, against the appellant, the father, of Glennie L. Reeves, the infant son of the parties, aged five years, a writ of *habeas corpus* was issued, directed to the appelllant, and commanding him to have said Glennie L. Reeves before the judge of said court, at the time and place named in said writ. Afterward, the parties appeared before the said judge in vacation, and the appellant answered the appellee's complaint, and, upon a trial then had, a finding was made by the judge of said court in favor of the appellee. The appellant's motion for a new trial having been overruled, and his exception saved to the ruling, it was ordered, adjudged and decreed by the judge of said court, that the care, custody and control of the said Glennie L. Reeves be delivered to the appellee.

From this judgment the appellant prosecutes this appeal, and has here assigned, as error, the decision of the judge below, in overruling his motion for a new trial. The causes assigned for such new trial, in the motion therefor, were, in substance, that the finding and decision of the judge of said court were contrary to law, and were not sustained by sufficient evidence. It will be readily seen, therefore, that the questions presented for the consideration of this court, by

the record of this cause and the error assigned thereon, are wholly dependent for their proper decision upon the evidence adduced upon the trial below. This evidence is in the record, and consisted chiefly of the testimony of the parties to the suit. We deem it unnecessary for us to set out the evidence at length, in this opinion, but we will give a summary of the facts it tended to establish.

The appellant and the appellee had been husband and wife, and the child in controversy was born in lawful wedlock. About three years prior to the commencement of this suit, while the parties were living in Nebraska, the appellant put the appellee and the child on the cars and sent them to her brother. They had since lived separately, and for the greater part of the time the appellee and the child had lived with her brother, in DeKalb county, in this State, who had given them a home. During this time, the appellant made no provision for the support of the appellee or of the child; but by her own labor, and with her brother's assistance, she supported herself and the child. In April, 1879, the appellant came to Huntington county, in this State, and had lived there since with his brother-in-law; and in November, 1879, he had obtained a divorce from the appellee, in Nebraska, without any actual notice to her of his suit therefor.

A short time before the commencement of this suit, the appellant went to the appellee's home, in DeKalb county, and in her temporary absence, without her knowledge or consent, seized the said child and forcibly and hurriedly carried him to Huntington county. The child was five years old, weighing but a little over thirty pounds, and was not a hearty boy.

The foregoing are the material facts of this case, we think, as shown by the evidence in the record; and upon these facts we can not say that the judge below erred, either in overruling the appellant's motion for a new trial or in his judgment awarding the care, custody and control of the

child to his mother, the appellee. It was the duty of the judge, and he was authorized by law, to make such an order in the case as would be for the protection of the infant boy. Father, mother and child were all present before the learned judge who tried this case, and he had much better facilities and opportunities than we can have for determining which of the two parents ought, under the facts of this case, to have the care, custody and control of the child. In such a controversy as this, it seems to us that the mother, unless she is shown to be an unfit person (which was not shown in this case), ought to have the care, custody and control of a delicate boy of the tender age of five years. We are of the opinion, therefore, that the finding of the judge below, in the case at bar, was not contrary to law, and was sustained by sufficient evidence. The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.