McKenzie *v.* The State, *ex rel.* Dickinson.

---

No. 9999.

McKENZIE *v.* THE STATE, EX REL. DICKINSON.

INFANT.— *Custody and Control.— Mother and Foster-Parents.— Discretion of Court.—Habeas Corpus.—Supreme Court.—Evidence.*—Under section 2518, R. S. 1881, the disposition of a child of tender years, as between its divorced mother and its foster-parents, is within the sound discretion of the trial court, having reference to the welfare and best interests of the child; and where, on *habeas corpus,* after a full hearing, the court below has awarded custody to the mother, the Supreme Court can not say, from the written report of conflicting evidence before it, that error was committed.

From the Allen Superior Court.

*A. Zollars, S. E. Sinclair* and *H. C. Hanna,* for appellant.
*S. M. Hench* and *A. H. Bittinger,* for appellee.

NIBLACK, J.—Margaret A. Dickinson filed her petition in

the court below, representing that she was the mother of a female child named Corintha Brandon, born to her and one Jacob Brandon her former husband, on the 20th day of September, 1870; that on the 15th day of May, 1873, she, the petitioner, was, by the decree of the DeKalb Circuit Court, divorced from the said Jacob Brandon, and that, by the express terms of such decree, the care and custody of the said Corintha were awarded to her; that sometime during the year 1873, she left the said Corintha in the custody of Stephen E. McKenzie, the appellant in this cause; that on the 1st day of August, 1881, desiring to resume the care and custody of her said child, she demanded of the said McKenzie the return to her, and the possession of, the said Corintha; but that the said McKenzie had refused to return to her, or to deliver up, the said Corintha, as requested. Wherefore she, the petitioner, prayed that a writ of *habeas corpus* might be issued to the said McKenzie, to enquire into the cause of the detention of the said Corintha.

A writ of *habeas corpus* was accordingly issued, to which McKenzie returned, that when the said Corintha was about four months old, the said Jacob Brandon, her father, abandoned her mother, the petitioner, and left her in very destitute circumstances; that in July, 1872, the petitioner requested him, the respondent, to take said Corintha, who was then in a delicate, unhealthy and neglected condition, and to care for, maintain, educate and bring her up until she arrived at the age of eighteen years; that he consented to take the said Corintha on the proposed terms, and immediately took her into his custody; that he had faithfully performed his part of the agreement, and that the said Corintha was then a bright, intelligent, healthy, contented and happy girl of about eleven years of age, very much attached to him and his family, and desirous of remaining, and continuing to live, with him; that he believed the happiness and best interests of the said Corintha would be greatly promoted by permitting her to remain with him.

Issue was joined upon the facts set up in the respondent's return to the writ of *habeas corpus,* and the court, after hearing the evidence, awarded the custody of the child to the petitioner.

Several errors are assigned upon the proceedings below, but the only question discussed by counsel is the alleged insufficiency of the evidence to sustain the decision of the court, awarding the custody of the child to the petitioner.

The petitioner, after testifying to the substantial allegations contained in her petition, stated that, after being divorced from Jacob Brandon, she intermarried with a man by the name of Dickinson, who had since died, and that, consequently, she was a widow for the second time; that she was then well employed in the city of Chicago, in the State of Illinois, and receiving wages sufficient to enable her to make her and her child comfortable, and to also educate the child; and, as to her employment and mode of living, she was corroborated by other evidence.

On the part of the appellant, it was substantially shown by admissions in open court, and otherwise, that he had, up to that time, supported, maintained and provided for the child in every way suitable to her condition in life, and was still not only willing, but anxious, to retain the custody of and to provide for her in the future, and that the child preferred to remain with him.

There was, however, no evidence as to the pecuniary condition of the appellant. Neither was there anything tending to show the relative positions of the parties in a social point of view. Nor was there any evidence from which it might have been inferred that the petitioner was either mentally, morally or physically unfit to take charge of the child. There was evidence tending to prove that, while the petitioner had the care and custody of the child in its early infancy, she had treated it much of the time with neglect, and sometimes harshly; but that was denied by the petitioner, and, as to the evidence in that respect, it may be said to have been conflicting.

The disposition of children, under circumstances similar to those developed in this case, devolves upon the courts a delicate, and sometimes painful, responsibility.

To take a child of eleven years of age, who has no recollection of actual parental care, and against its will, from its foster-parents, who have always treated it kindly and well, who are attached to it and anxious to retain it, involves the exercise of a power which ought to be used with scrupulous care, and only in accordance with such well recognized rules of decision as are applicable to such a case.

The statute concerning the custody of the persons and estates of minors, in force when this cause was heard, provides that the father of a minor child, if there be a father, or, if there be no father, then the mother, if suitable persons respectively, shall have the custody of the person, and control of the education, of such minor child, even to the exclusion of its guardian. 2 R. S. 1876, p. 589, section 6. The superior claim of parents to the custody and control of their minor children, thus recognized, has equal, if not greater, application as against all other persons, other than guardians.

The petitioner having shown herself entitled to the custody of the child in controversy as against the father, the next enquiry was whether she was such person as might properly be permitted to resume the custody and control of her child. In connection with and as bearing upon that question, it was proper for the court to enquire what was apparently for the best interests and general welfare of the child, having reference to the relative social positions of all the parties before the court, and to all the circumstances by which the child was surrounded. This enquiry was one to which the court might have given a wide range, and the extent of the enquiry, together with the proper inferences to be drawn from it, rested very much in the discretion of the court. *The State, ex rel. Sharpe,* v. *Banks,* 25 Ind. 495; *Garner* v. *Gordon,* 41 Ind. 92; *Copeland* v. *State, ex rel. Kayser,* 60 Ind. 394.

The court below had all the parties and most of the wit-

nesses before it, and hence had greater facilities for weighing the evidence, and for reaching a safe conclusion as to the proper disposition to be made of the child, than we can have with the record only before us. *Reeves* v. *Reeves,* 75 Ind. 342.

We are, therefore, unable to say that the court below erred in awarding the custody of the child to the petitioner.

The judgment is affirmed, with costs.