No. 10,704.

## McGlennan v. Margowski.

Habeas Corpus.—*Sufficiency of Petition.— Civil Action.—Assignment of Error.* —An application for a writ of *habeas corpus* is not a civil action, and, therefore, an assignment of error, that the petition for the writ does not state facts sufficient to constitute a cause of action, does not call in question the sufficiency of such petition.

Same.—*Motion to Quash.—Answer or Return.—Exception.— Demurrer.*—The sufficiency of the petition is questioned, not by a demurrer for the want of facts, but by a motion to quash the writ; nor can the sufficiency of the answer or return to the writ be questioned by a demurrer, but only by an exception.

Same.—*Parent and Child.*—Where, however, the petition of a father shows that he is deprived of the custody of the person of his legitimate child,

McGlennan *v.* Margowski.

of the tender age of eleven years, by the acts of the defendant, in whatever form the question is presented, the petition is sufficient.

SAME.—*Practice.—Summary Proceeding.—Hearing.*—Under section 1118, R. S. 1881, a proceeding by *habeas corpus* is to be heard and determined in a summary way, and neither the court nor judge can be required, as in a civil action, to make a special finding of the facts or state conclusions of law thereon.

SAME.—*Father and Child.—Custody of Infant.*—The general rule is that the father of a legitimate infant child is entitled to the possession and control of the child's person, as against any other claimant, and under section 2518, R. S. 1881, this is the statutory rule in this State.

SAME.—*Judgment for Costs.—Error.—Supreme Court.*—There is no error in adjudging costs against the unsuccessful party in a *habeas corpus* proceeding, and certainly none, where the judgment for costs is complained ot for the first time in the Supreme Court.

From the Carroll Circuit Court.

*R. C. Pollard* and *F. P. Hench,* for appellant.

*J. Applegate* and *C. R. Pollard,* for appellee.

HOWK, J.—The appellee filed his petition in this cause, wherein he represented to the court below, in substance, that he was the father of Theresa Margowski, a girl about eleven years of age; that the appellant had the custody of such child, and refused to surrender her to the appellee, though often requested so to do; that the mother of said Theresa lived and died a devout Catholic; that the appellee was a member of the Catholic church, as were also the brothers and sisters of said Theresa and the appellee's then wife; that all the blood relatives of said Theresa were anxious that she should be reared and instructed in the faith of her father; that it was especially a matter of conscience and of the most solemn duty to the appellee to see that his children be so reared; that his said daughter had then arrived at that age when it was indispensable to her eternal welfare and to that of the appellee that she should receive from the Catholic church proper religious instruction to prepare her to take her first important step in her religious life, to wit, her first communion; that the appellant had no regard for the faith of the Catholic church, and was suffering said Theresa to grow

up irreligious and without the influence of the church; that the appellant was a widower; that the appellee had a wife and a home, and was anxious to have the custody of his daughter restored to him, that she might form and retain the natural attachment for him due from a daughter to her father, and also those fraternal relations which should subsist between brothers and sisters; that appellee was able comfortably to maintain his said daughter, and to afford her all the advantages of secular education which she then enjoyed, and to afford her immeasurably greater advantages for receiving a proper religious training, all of which he was not only willing but anxious to do; and that the appellant, without right, unlawfully withheld the custody of said Theresa from appellee; wherefore the appellee prayed an inquiry into the truthfulness of the matters alleged, and that, upon such hearing, the custody of such child be withdrawn from appellant, and that she be remanded to the custody of the appellee.

This petition was duly verified by the oath of appellee, and thereon a writ of *habeas corpus* was issued directed to the appellant, to which he made a written return or answer. Upon the hearing had, the court found that the matters and things set forth in the petition were true; that the appellee was the father of Theresa Margowski and entitled to the custody of her person; that the appellant did then, and at the commencement of this cause, unlawfully have the custody of the person of said Theresa, and unlawfully restrained her of her liberty, and unlawfully deprived the appellee of the custody of her person. Thereupon the court adjudged and decreed that the person of Theresa Margowski be restored to her father, the appellee, and that he have the care and custody of her person, and that the appellant surrender to appellee the person and custody of the said Theresa, etc. Appellant's motion for a new trial having been overruled, and his exception saved, he has appealed from the judgment below to this court.

He has here assigned the following errors:

"1st. The petition does not state facts sufficient to constitute a cause of action;

"2d. The court erred in overruling appellant's motion for a new trial;

"3d. The court erred in overruling the appellant's motion for a special finding of the facts, and the conclusions of law thereon; and,

"4th. The court erred in rendering judgment for costs against the appellant."

An application for a writ of *habeas corpus* is not a civil action. *Baker* v. *Gordon*, 23 Ind. 204. It might well be doubted, therefore, whether the sufficiency of the petition or complaint for the writ could be tested by a demurrer thereto, for the want of facts. The party to whom the writ is directed makes his return or answer, not to the petition or complaint, but to the writ itself. The sufficiency of the writ may be tested before making a return or answer thereto, not by a demurrer, but by a motion to quash the writ. The return or answer to the writ is not the subject of demurrer, but its sufficiency may be tested by exception. Section 1117, R. S. 1881; *Cunningham* v. *Thomas*, 25 Ind. 171. We are of the opinion, therefore, that an assignment here, that the petition or complaint for the writ does not state facts sufficient to constitute a cause of action, comes too late and presents no question for our decision. But if the petition or complaint for the writ could be attacked for the first time by an assignment of its insufficiency as error, in this court, we would hold that it was sufficient, *prima facie*, to authorize the issue of the writ. It is true that the petition contained much surplusage and irrelevant matter, but it showed the material fact that the appellee was deprived of the custody of the person of his motherless daughter, of the tender age of eleven years, by the acts of the appellant. This showing would have been sufficient, *prima facie*, to entitle the appellee to the issue of

the writ, even if its sufficiency had been questioned. below by a demurrer for the want of facts, and surely it is sufficient, when questioned for the first time in this court.

In section 1118, R. S. 1881, it is provided as follows : " The court or judge shall thereupon proceed, in a summary way, to hear and determine the cause ; and if no legal cause be shown for the restraint or for the continuation thereof shall discharge the party." Under the first clause of this section, we are of opinion that the court committed no error in overruling the appellant's motion or request that the court would make a special finding of the facts in writing, and state its conclusions of law thereon. As we have already said, this is not a civil action, and the provisions of the code, in relation to the trial of civil causes, are not applicable to the hearing by court or judge of a *habeas corpus* proceeding. In *Garner* v. *Gordon*, 41 Ind. 92, this court held that a proceeding by *habeas corpus* is not a civil action, within the meaning of the section of the code authorizing a change of venue; nor is it a civil case, within the meaning of section 20 of the bill of rights, in the State Constitution of 1851, authorizing a trial by jury. The hearing and determination of the cause is summary under the statute.

The learned judge of the court, who presided at the hearing of this cause, filed a written opinion therein, which is printed as an *addendum* to one of the briefs of counsel. From this opinion, we take the following summary of the facts established by the evidence in this case, which we have found upon examination to be substantially correct:

" The plaintiff claims the custody of his daughter, who is about eleven years of age, and now in custody of defendant. The facts, as disclosed by the evidence, are briefly these:

" The girl's mother died when she was only a few weeks old. About the same time the defendant's infant child died, and at the request of the defendant and his wife (since deceased) the plaintiff permitted the defendant to take the child in controversy to be nurtured by his wife. She has ever since

remained with the defendant, and has been kindly treated and cared for at the expense of the defendant. Both parties are sober, industrious and respectable men, depending on their daily labor for their means of support, and both are sincerely attached to the child, and are willing to support and educate her. Since the death of the defendant's wife, his family consists of himself, his little son, and his mother, aged sixty-three years, who only remains with the defendant a part of the time. When absent her place is occupied by a hired servant. The plaintiff has again married, and the evidence shows that his wife is kind and indulgent to his other children, and that she is suitable in every respect to fill the place of a mother to this little girl.

"The plaintiff is a consistent member of the Catholic church, and regards it as his conscientious duty to have the child instructed and reared in that religious faith; while the defendant is an adherent of the Protestant faith, and desires that the child shall attend such school and such church as she may herself select."

These were the material facts of this case, as disclosed by the evidence, and upon these facts we can not disturb the finding of the trial court. Other things being equal, there can be no doubt, we think, that the father of a legitimate infant child is entitled to the possession and control of the child's person as against any other claimant. In *Child* v. *Dodd*, 51 Ind. 484, this court said: "The universal law of all nations gives the possession and control of children to the male parent, if begotten and born of wedded parents. This control may be taken away, when an overweening or strong necessity is shown as to the unfitness of the father of the child to protect and provide for it, which is not shown in this case." In section 2518, R. S. 1881, as applicable to the case in hand, it is provided "That the father of such minor * * * shall have the custody of the person and the control of the education of such minor."

In *State, ex rel.,* v. *Banks*, 25 Ind. 495, this court said:

" The father is the natural guardian of his infant child, is responsible for its raising and education, and has the right to its custody. This is the well settled rule, and the statute is simply declaratory of the right as it existed at common law. The law, however, has a tender regard for the interest of the infant, and in case it is made to appear that the father, by reason of his immoral and vicious habits and conduct, is rendered unfit to have the custody and training of his infant child, the court will refuse to award it to him, or will even direct it to be taken from him and placed where its moral training will be properly cared for. But if the father be a suitable person, the statute is express that he shall have the custody of the person and control of the education of his minor child. * * * * The court should judge upon the circumstances of the particular case, and give direction accordingly. If no restraint is found to exist, and the infant is of sufficient age to be capable of using a discretion, the court may simply declare it at liberty to go where it will. But where the child is too young to exercise a discretion or have a choice, it is the duty of the court to award the custody to the person legally entitled to it, ' because the law presumes that where the legal custody is, no restraint exists, and where the child is in the hands of a third person, that presumption is in favor of the father.' The King v. Greenhill, 4 Adol. & Ellis, 624; The King v. Isley et ux., 5 id. 441; Rex v. Delaval, 3 Burr. 1436; Commonwealth v. Addicks et ux., 5 Binn. 520."

It is manifest that the trial court, in the case at bar, had much better facilities and opportunities than we can have for determining which of the two parties ought to have the care, custody and control of the appellee's infant child. Upon the evidence in the record, it seems to us that the finding and decision of the court, awarding the custody of the child to her father, were right and in strict accordance with the law. Reeves v. Reeves, 75 Ind. 342; McKenzie v. State, ex rel., 80 Ind. 547.

It is claimed that the court erred in permitting the appel-

McGlennan *v.* Margowski.

lee, as a witness in his own behalf, to testify to certain matters, over the appellant's objection. The record fails to show, however, that the grounds of his objection were stated to the court by the appellant. It is the settled rule, in such a case, that unless the record shows that the party objecting to the admission of evidence pointed out below the grounds of his objection, this court will not, on appeal, consider the objection. *Wright* v. *Williams,* 83 Ind. 421, and cases cited. Besides, it is stated in the bill of exceptions, that " the court did not consider the testimony objected to, and so announced to the parties at the time such testimony was given." The error of the court, in the admission of such testimony, if it were such, was, therefore, a harmless error, and the judgment will not be reversed for such an error.

The appellant has assigned as error the judgment rendered against him for the appellee's costs. The court did not err, we think, in the rendition of this judgment; but, if it did err, the appellant can not complain of the error, for the first time, in this court. The record fails to show that he objected or excepted to the judgment at the time of its rendition, or that he moved the court to modify the same, or to set it aside. It is settled that an objection to the judgment made here for the first time will present no question for our decision. *Lewis* v. *Edwards,* 44 Ind. 333; *Smith* v. *Tatman,* 71 Ind. 171; *Teal* v. *Spangler,* 72 Ind. 380.

We have found no error in the record of this cause requiring the reversal of the judgment.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.