Filed Sept. 24, 1890.

———————————◆———————————

No. 15,659.

## KINNINGHAM v. DICKEY ET AL.

HABEAS CORPUS.—*Repeated Prosecution of Prisoner.—Legality of Process.— Statute.*—The petitioner in an application for a writ of *habeas corpus* alleged that he had been twice convicted of arson, and that on appeal the judgment had been reversed in each instance; that a prosecution for conspiracy, in connection with the crime of arson, was then instituted by affidavit and information, and dismissed; that an indictment was then returned against him, which indictment, on the prisoner's motion, was quashed, and the petitioner ordered by the court to remain in custody to answer any charge that might be made by the grand jury; that no accusation having been presented against him he applied for a writ of *habeas corpus*, and was discharged upon his own recognizance to await the action of the grand jury. It was further alleged that immediately

after such discharge the petitioner was again arrested and confined in jail by the sheriff upon a pretended affidavit and information made by the sheriff, charging him with conspiracy, and that he was then in his custody. Upon a return made by the sheriff the writ was denied, and the petitioner again remanded to his custody.

*Held,* that under section 1119, R. S. 1881, which provides that "No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody upon a warrant issued from the circuit court upon an indictment or information," a case was not made entitling the petitioner to a discharge, and that the judgment of the court would not be disturbed, it not appearing that there was any delay in the last prosecution, or that the crime with which the prisoner was last charged was the same as that charged against him in either of the former prosecutions.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

OLDS, J.—This is an application for a writ of *habeas corpus.* On the 31st day of May, 1890, the appellant filed his petition in the Decatur Circuit Court, from which it appears that the appellant was indicted, in December, 1888, for arson; that he was tried and convicted of such charge in May, 1889, and sentenced to the State Prison South; that the cause was appealed to this court and the judgment reversed, and he was again tried and convicted and sentenced to prison in September, 1889, and again an appeal was taken to this court, and the judgment reversed in October, 1889; that the prosecuting attorney then proceeded against the appellant by affidavit and information, charging him with a conspiracy in connection with said crime of arson, which affidavit and information were, by the prosecuting attorney, dismissed, and an indictment returned against the appellant on the 3d day of March, 1890, charging him with the crime of conspiracy, which indictment was afterward quashed on motion of the appellant, and the appellant ordered by the court to remain in the custody of the sheriff to answer any charge that might be made against him by the grand jury of said court; that twenty-five days of the April term of the court had

elapsed and no accusation had been presented against him, and he applied to the Decatur Circuit Court for a writ of *habeas corpus,* and was ordered to be discharged upon his entering into his own personal recognizance in the sum of $500 to await the action of the grand jury; and the appellant appeared in open court and entered into his own recognizance in the sum of $500 for his appearance at the September term of said court, 1890, and from day to day of said court, and not depart without leave. It was further alleged in the petition that after the defendant entered into such recognizance, and was discharged, the appellee George S. Dickey, sheriff of said county, again arrested the appellant on a pretended affidavit and information thereafter filed, made by himself, and again immediately incarcerated said appellant in the jail of said county, where he is now confined, and that his said imprisonment is unlawful and oppressive, and made in contempt of the order of said court discharging said appellant in said cause, of which said appellee had full notice when he made the affidavit against the defendant on which he was arrested. On this petition a writ of *habeas corpus* issued, and to this writ the appellee made a return, alleging that he, George S. Dickey, is the sheriff of Decatur county, and was at the time of the filing of the petition and issuing of the writ, and as such sheriff had charge of the jail of the county; that on the 31st day of May, 1890, an affidavit and information charging the appellant with the crime of conspiracy were filed in said Decatur Circuit Court, on the thirtieth judicial day of the April term, 1890, thereof, and thereupon the clerk of said court issued a warrant thereon for the arrest of the appellant on said affidavit and information, and placed the same in the hands of the said George S. Dickey, appellee, as sheriff, to execute, setting out a copy of the warrant, which is in the usual form; that on said day said Dickey, as such sheriff, arrested the appellant by virtue of said warrant, as commanded therein, and that he, as such sheriff, confined him in the jail of said county,

and now holds him in custody under said warrant, and not otherwise; and that he now has said appellant in court, and asks that the appellant be remanded to his custody.

Thereupon the appellant excepted to the return, for the following reasons:

*First.* That the same is not responsive to the petition, nor is it any answer to the facts alleged therein.

*Second.* That there are no facts alleged in said return sufficient in law to constitute any answer or return to said writ, nor does said return allege, or show, any fact authorizing said Dickey to hold said petitioner in his custody.

The court overruled the exceptions, to which ruling the appellant excepted, and the court then ordered that the appellant be remanded to the custody of the appellee as sheriff, and held to bail in the sum of $500; to which the appellant objected, and excepted, and prosecutes this appeal, and assigns the ruling of the court as error.

The only reasons urged by counsel for appellant for a reversal of the judgment is the repeated charges brought against the appellant, and the long-continued prosecution; and it is contended that it is in violation of that portion of section 12 of the Bill of Rights, which provides that " Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

It would seem that there had been many errors committed in conducting the prosecution against the appellant. He was twice convicted of arson, and the judgment reversed in each instance. Then a prosecution for conspiracy was instituted, first by affidavit and information, and that was dismissed and an indictment returned against him, and on his motion the indictment was quashed, and now he is again arrested on a charge of conspiracy brought against him by affidavit and information, but no case is presented by these proceedings for his discharge.

Section 1119, relating to *habeas corpus* proceedings, provides: " No court or judge shall inquire into the legality

of any judgment or process whereby the party is in his custody. * *

"*Fourth.* Upon a warrant issued from the circuit court upon an indictment or information."

The return in this case shows the appellant to be in the custody of the appellee, as sheriff of Decatur county, on a warrant issued from the circuit court upon an affidavit and information which were filed in said court; and the warrant issued to said sheriff, and he arrested the appellant by virtue of the writ on the same day the petition in this case was filed. So, as to this particular prosecution, no delay had occurred after the filing of the affidavit and information, when the appellant filed his petition; and it does not appear that the crime with which he is charged in the affidavit and information on which the warrant issued, by virtue of which the sheriff made the arrest of the appellant, and now holds him in custody, is the same charge made against him in either of the former prosecutions.

The statement in the petition as to the authority of the sheriff to make the last arrest, and by virtue of which he now holds him, is that subsequent to the appellant's discharge in the former *habeas corpus* case "said Dickey, sheriff, again arrested this petitioner on a pretended affidavit and information thus filed and made by himself, and again immediately incarcerated this petitioner in said jail of said county;" and the return shows that an affidavit and information were filed in the circuit court charging the appellant with conspiracy, and the warrant is for his arrest to answer the charge of conspiracy. There may have been more than one charge of conspiracy against the appellant, and there is nothing in these proceedings to show that there was not, and this court can not indulge in any presumptions that all the charges made against him were the same; and even if it did it would not entitle him to a release. No question is presented as to the sufficiency of the description of the offence in the affidavit, information, or warrant. It is questionable whether or not

the petition shows the appellant to be illegally held in custody by the sheriff. It simply alleges that the sheriff arrested him on a pretended affidavit and information then on file, made by himself; but in any event the final ruling of the court was proper, and it is not necessary to pass upon the sufficiency of the petition.

There is no error in the record.

Judgment affirmed, at costs of appellant.

Filed June 20, 1890; petition for a rehearing overruled Sept. 20, 1890.