The Board of Children's Guardians of Marion County v. Shutter.

No. 16,974.

## THE BOARD OF CHILDREN'S GUARDIANS OF MARION COUNTY v. SHUTTER.

BOARD OF CHILDREN'S GUARDIANS.—*Collateral Attack.*—*Habeas Corpus.*—*Jurisdiction.*—In a proceeding for the custody of an infant child by the board of children's guardians, if the circuit court has jurisdiction over the subject and the parties, though it committed the greatest irregularities and errors, its judgment can not be collaterally impeached therefor by a *habeas corpus* proceeding.

SAME.—*Power of Court Over Infants, etc., to Appoint Guardians.*—*Statutory Authority.*—*Jurisdiction.*—The power conferred by statute upon the circuit courts to appoint guardians for infants, lunatics and idiots, is merely declaratory of the chancery powers they already possessed.

SAME.—*Court.*—*Jurisdiction of Person of Infant.*—*Notice to Parents.*— In a proceeding by a board of children's guardians for the custody of a child thirteen years old, where notice of the proceeding has been duly given the father and mother of the child, the court has acquired jurisdiction of the infant without serving notice of the proceeding upon it, other than taking it into custody by the proper officer.

SAME.—*Errors in Proceeding for Custody of Child.*—*Relief Against as in Other Proceedings.*—If errors are committed in a proceeding by such board for the custody of a child, relief therefrom must be sought just as in any other proceeding—by appeal, bill of review, or any other method known to the law for relief against erroneous judgments.

From the Marion Superior Court.

*W. P. Fishback, B. K. Elliott, W. F. Elliott, S. P. Davis, C. L. Hare* and *C. Martindale,* for appellant.

*J. F. McCray* and *S. Ashby,* for appellee.

McCABE, J.—The appellee applied to the court below for a writ of *habeas corpus* against appellant, charging it with unlawfully restraining her of her liberty; an exception to the amended return to the writ by appellant was taken by appellee, and sustained by the trial court,

to which ruling appellant excepted, and failing to further amend its return, and electing to stand thereon without further pleading or action, it was adjudged that the alleged holding and detention of the appellee was without authority of law, etc.

The return—after reciting in detail the appointment of all the members of the Board of Children's Guardians by the circuit court of Marion county from the organization of the board to that time, giving the names of all the present members as well as their predecessors—reads as follows: "That acting as such corporation as aforesaid, of which the parties whose names have been hereinbefore set forth are members, said corporation on the first day of March, 1893, in the January term for the year 1893, of the Marion Circuit Court, filed in said court a petition as follows:

In the Matter of GERTRUDE SHUTTER, } INFANT. PETITION FOR CUSTODY.

*To the Honorable Judge of the Marion Circuit Court:*

The Board of Children's Guardians of Marion county, a corporation existing under, and acting by virtue of, the laws of Indiana, respectfully petition the court, and say that Gertrude Shutter is a female child of 13 years of age; that the father of said child is Shade A. Shutter, residing at Jeffersonville, Indiana; that the mother of said child is Bell Shutter, residing at 249½ W. South street, within Marion county, Indiana; that the child is in the actual custody and control of her mother, the said Bell Shutter; that the father of said child has abandoned his family; that said mother is in constant habits of drunkenness, and low and gross debauchery; that said child is neglected, and kept in associations which tend to her corruption and contamination. Wherefore the Board of Children's Guardians of Marion county petitions the

court to order that said child be committed to the custody and control of said board.

(Signed)    THE BOARD OF CHILDREN'S GUARDIANS.

By NATHANIEL A. HIDE, *President.*

C. L. HARE, *Attorney for Petitioner.*

This petition was duly verified.

The court having inspected the petition ordered that the writ for the custody of said child be issued thereon, and that the same be served upon Bell Shutter, the mother of said child, in Indianapolis, and Shade A. Shutter, at Jeffersonville, Clark county, Indiana, and directed that said minor child should be kept in the keeping of said board until the final order of the court upon said petition. Said writs were issued thereon, and the said Gertrude Shutter was taken by the sheriff of Marion county on said writ, and delivered to the defendant, said corporation. Said petition was set for hearing on the 11th day of March, 1893, and notice thereof was ordered to be given to said Bell Shutter and Shade A. Shutter, the parents of said child, and on the 4th day of March, 1893, by agreement of both parties, said Marion Circuit Court proceeded to hear and determine said cause on said petition; and having heard the evidence, and being sufficiently advised, said court entered in said cause the following order and decree, to wit: And afterwards to wit:

On Saturday, the 4th day of March, 1893, the same being the fifty-fourth judicial day of the January term, 1893, of the Marion Circuit Court, the following additional proceedings were had in this cause: "Comes the Board of Children's Guardians of Marion county, Ind., by C. L. Hare, its attorney, and comes also Shade A. Shutter, in person, and by J. F. McCray, his attorney, and defendant Bell Shutter, in person, comes also, and now, by agreement of all parties, notwithstanding the

return day of the writ issued herein, this cause is submitted to the court for trial, finding, and determination; and the evidence and argument of counsel having been heard, and the court having seen and inspected the petition herein, and being fully advised, finds that the allegations of said petition should be sustained; that said Gertrude Shutter is a female child of the age of 13 years, and that she should be given to the custody of the Board of Children's Guardians. It is therefore considered and adjudged by the court that the said Gertrude Shutter be, and she is hereby given to the custody of the Board of Children's Guardians of Marion county, Ind."

The return further shows that there was a motion for a new trial of said cause overruled, and a motion to modify the order was also overruled.

The return further shows this judgment of said circuit court remains in full force, unmodified, unreversed and not appealed from.

If that judgment is valid, the return was good, and the superior court in general term erred in affirming the judgment in special term adjudging the return insufficient.

It is earnestly insisted by appellee that the judgment of the circuit court in awarding her custody and control to appellant was void, because, it is asserted, the act approved March 9, 1889 (Acts 1889, p. 261), as amended by the act approved March 9, 1891 (Acts 1891, p. 365), as amended by the act approved March 3, 1893 (Acts 1893, p. 282), under which the circuit court proceeded, is in conflict with several provisions of the State constitution.

It is maintained with earnestness and ability, for appellee, that "All judgments had and rendered under a law that is unconstitutional, are void, and are as if no proceeding or judgment had been had or rendered."

Conceding that proposition, and yet counsel's contention is not established if the law which gives the sole power or jurisdiction to the court to render the judgment is unconstitutional and void; and if, without such a law in force, the court would have no power to render the judgment in question, then, the law being void, the judgment depending wholly on such void law would also be void. Where, however, the court has jurisdiction to adjudicate upon the subject, derived from other sources than the supposed void statute, even though it may attempt to follow that statute, it does not necessarily follow that its judgment is void.

A judgment founded on a statutory bond, depending for its validity wholly on the statute, which is unconstitutional and void, is not void, and can not be collaterally impeached because the statute is unconstitutional and void. *Cassel* v. *Scott*, 17 Ind. 514.

If the circuit court had jurisdiction over the subject and the parties, though it committed the greatest irregularities and errors, its judgment can not be collaterally impeached therefor, as this proceeding attempted to do. *Davidson* v. *Koehler*, 76 Ind. 398; *Sauer* v. *Twining*, 81 Ind. 366; *State, ex rel.*, v. *Morris*, 103 Ind. 161.

The circuit court was a court of general jurisdiction. If it was not clothed with all the jurisdiction of the English court of chancery, it is within a branch of the equity powers of the circuit courts of this State that they have the superintendence of infants, idiots and lunatics. *McCord, Exr.*, v. *Ochiltree*, 8 Blackf. 15.

The power to appoint guardians for infants, idiots, and lunatics, conferred by the statute, is merely declaratory of the power they already possessed. *Garner* v. *Gordon*, 41 Ind. 92; *Child* v. *Dodd*, 51 Ind. 484; *Nealis, Admr.*, v. *Dicks*, 72 Ind. 374; *Board, etc.*, v. *Rogers*, 55 Ind. 297; *Erskine* v. *Whitehead, Exr.*, 84 Ind. 357; *McKenzie* v.

*State, ex rel.*, 80 Ind. 547; *McGlennan* v. *Margowski*, 90 Ind. 150; *Bryan* v. *Lyon*, 104 Ind. 227.

We, therefore, hold that the circuit court had ample power to deal with and adjudicate upon the subject of the guardianship, custody and control of minors. The circuit court, therefore, had jurisdiction of the subject.

It is earnestly contended that the circuit court acquired no jurisdiction over the person of the appellee, the minor, whose custody and control was determined by the adjudication. If that is true, the judgment would be void, the same as if jurisdiction over the subject was wanting. The ground upon which this contention is based is, that there was no notice or process served on the infant, notifying her that such an adjudication affecting her was to take place. No notice appears to have been served upon her, except taking her into custody by the appellant before the hearing of their petition. But there was process served on her mother and father, and a full opportunity afforded them to be heard against the granting of the petition, and they appeared at the hearing. But it is ably contended that that is not sufficient to confer jurisdiction over the person of the child.

In some of the States no other notice than notice to parents, or, if no parents, next of kin is required to enable courts to appoint a guardian.

Counsel for appellee have referred us to a large number of cases holding that a summons must be served on an infant the same as an adult, or the judgment will be void as to such infant. And in that class of cases it will be equally so if the infant was but a week old and would be as unconscious of the reading of the summons to it as a block of wood, and yet the law imperatively requires the service of such a summons on such an infant in that class of cases as much as upon an adult, or the adjudica-

The Board of Children's Guardians of Marion County v. Shutter.

tion will be void for want of jurisdiction over the person. But the class of cases they have referred us to, and that we have been discussing, is such only as where the judgment sought or the adjudication to be had is to deprive the infant of some property right, or to injuriously affect such minor in its rights of property. In that respect its rights are precisely the same as an adult; hence it must have the summons read to it precisely the same as an adult, though it does not understand a word of it. Its right to control its own actions is not like an adult.

It is subject either to parental control, the guardian's control, or the control of the court or chancellor, in the absence of parent or guardian, on account of its lack of discretion and knowledge sufficient to guide its own actions for its own best interests. Hence, in a proceeding for the appointment of a guardian for it, the principle of the cases above referred to have no application whatever where it is under 14 years of age. Such an appointment does not deprive it of any of its rights of property, or injuriously affect its rights in that regard. It is but an officer of the court appointed to wield the power of an arm of a court of equity, and no notice to the infant is required. *Kurts* v. *St. Paul, etc.*, R. *Co.*, 51 N. W. Rep. (Minn.) 221; *Appeal of Gibson*, 28 N. E. Rep. (Mass.) 296; *Reynolds* v. *Howe*, 51 Conn. 472. We therefore conclude that the circuit court had jurisdiction of the person of the infant, and the subject-matter of the adjudication. It may have erred at every step of those proceedings; we do not decide that it did or did not, because such errors and irregularities can not be inquired into on a writ of *habeas corpus*. R. S. 1881, section 1119; *Wentworth* v. *Alexander*, 66 Ind. 39; *Kinningham* v. *Dickey*, 125 Ind. 180; *Turner* v. *Conkey*, 132 Ind. 243; *Smith* v. *Hess*, 91 Ind. 424; *Lowery* v. *Howard*, 103 Ind. 440;

*Davis* v. *Bible, Sheriff*, 134 Ind. 108. Such errors, if any were committed, must be relieved against just as in any other adjudication—by appeal, bill of review or any method known to the law for relief against an erroneous judgment. The conclusion we have reached not only finally disposes of this case in this court, but also in the court below, without deciding anything whatever about the constitutionality of the statute so ably and exhaustively discussed by counsel on both sides. Under such circumstances, our duty does not require us to enter upon that field of investigation. *Cummings, Treas.*, v. *Stark*, 138 Ind. 94.

The judgment is reversed and the cause remanded, with instructions to overrule the exceptions to the amended return.

Filed June 15, 1893; petition for rehearing overruled Nov. 15, 1894.