# Commonwealth ex rel. Black *v.* Black et al., Appellants.

*Habeas corpus—Parent and child—Custody of minor children— Home outside of Pennsylvania.*

Where it appeared in habeas corpus proceedings, brought at the relation of a mother to obtain custody of her minor children residing with their paternal grandfather that her husband, the father of the children, was not able to establish a home for them, and that she was competent to take care of them, and could provide a home for them, she is entitled to their custody. It is not controlling in such case that the home to be provided by the mother is in the State of Maryland.

Argued March 15, 1922. Appeal, No. 264, Oct. T., 1921, by respondents, from decree of C. P. Franklin County, Oct. T., 1921, No. 362, in favor of the relator, in the case of Commonwealth of Pennsylvania ex rel Ruth

Black v. W. C. Black and Mary Black, respondents, and W. E. Black, intervening appellant. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Dismissed.

Habeas corpus for custody of minor children. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court awarded custody of the children to their mother, the relator. The respondents appealed, and the father of the children presented his petition to the Superior Court, and was permitted to intervene as a respondent and appellant.

*Error assigned* was the decree of the court.

*William J. Patton,* and with him *O. C. Bowers,* for appellants.

*C. H. Clippinger,* and with him *John W. Hoke* and *Watson R. Davison,* for appellee.

OPINION BY LINN, J., July 13, 1922:

In habeas corpus proceedings brought at the relation of Ruth Black to obtain the custody of her two young children, they were brought into court by their parental grandparents, the respondents. After hearing, the court awarded the custody of the children to their mother. The grandparents have appealed and contend, in the words of their counsel's brief, that "The future welfare of these two small children requires that they be maintained as heretofore" by appellants. The father of the children was not a party to the proceeding below, nor was he called to testify, but on his application to this court to become a party appellant, leave was given.

The only question for our consideration is that already suggested in the quotation from appellants' brief. On this record what appears best "for the future welfare of these two small children"?

The relator and W. E. Black were married in 1916 and have these two children, one less than two years of age, the other less than four. For some time prior to their separation in July, 1921, they lived on a thirty-five acre farm in Franklin County, Pennsylvania, with W. E. Black's parents, the appellants, who are engaged in farming. The household also included appellants' eight children ranging in age from less than one year to sixteen years. The relator did not get on with her husband's parents, nor they with her, so that in July, 1921, her husband took her to her father's residence in Hagerstown, Maryland. She testified she did not wish to live apart from her husband but did "want to live with him if he goes to a home of his own." One of appellants, W. C. Black, testified "she can't make her home with me." The relator's father stated what property he had, and that he was able to and wished to assist his daughter and her children. She testified to her earning capacity. She also offered in evidence a letter dated July 27, 1921, written to her by her husband, after he had taken her to Hagerstown, Maryland; in the letter he complained that he had little employment and added "......better work if you can, money is getting scarce."

There is no proof that relator is not a competent person to care for her children. Apparently her husband is unable to establish a home for his family. As he is unable to do that, and as his parents, who had the custody of the children, decline to have their mother live with the children, and as she is a competent person to take care of them, considering their ages, the record is destitute of any basis whatever for depriving her of their custody: Com. v. Addicks, 5 Bin. 520; Com. v. Sage, 160 Pa. 399; Com. v. Strickland, 27 Pa. Superior Ct., 309; Com. v. Myers, 18 Co. Ct., 385. In such circumstances, the fact that she may take the children across the State line from Franklin County, Pennsylvania, into Maryland to care for them is not controlling.

The appeal is dismissed at the costs of appellants.