From William R. Toal, Media, Pa.

## Stere's Case.

N. B. *Spangler,* for petitioners; W. G. *Runkle,* for respondent.

FLEMING, P. J., July 30, 1929.—This is a proceeding upon petition of Howard A. Stere, father of Dorothy Stere, ten years of age, and Lois Stere, six years, for an order determining the custody of such children.

It appears from the testimony adduced at the hearing that the petitioner and his former wife, Nellie A. Stere, now Taylor, are divorced; that, prior to their divorce, they were residing in the City of Williamsport, County of Lycoming, this State, and that upon the representation of the said Nellie A. Stere, now Taylor, it was mutually agreed between the petitioner and his then wife that these children be placed with either the paternal or the maternal grandmother for a period of two weeks while she, the said Nellie A. Stere, now Taylor, took a nursing assignment in South Williamsport. The maternal grandmother, who testified at the hearing, stated that she had refused to take the children, whereupon they were taken to the home of the paternal grandmother, Patience Stere, in Union Township, this county, where they now reside. The court is fully satisfied that Patience Stere, the grandmother, and Mary Stere, the aunt, who resides with her mother in Union Township, are both competent persons to rear and maintain these children. The court is further satisfied that the Stere home in Union Township is a Christian home, long since established and likely to continue as such until these children are reared to womanhood. We are fully convinced that since their placement with the paternal grandmother and aunt the children have been well cared for and instructed in a proper manner. The father, the petitioner, is still employed in the City of Williamsport, where he earns a monthly wage of approximately $160. He makes weekly visits to his children, being situated sufficiently near them to make week-end visits possible.

The mother of these children, after separating herself from her husband and children, finally arrived in Carlisle, Pa., where she became acquainted

with Taylor, her present husband. According to Taylor's testimony, he was then serving in the United States Army and was stationed at the Carlisle barracks. He testifies that the mother of these children obtained employment in Carlslie, working in several different restaurants until his term of enlistment in the army expired, when she went with him to Cumberland, Md., their present place of residence. He denies that, prior to their marriage, which has only recently occurred, the relations between him and the mother of the children were improper in any way. He says that he is now employed by the Kelly-Springfield Tire Company at a monthly wage of $150; that he maintains a home and is willing to take the children and provide a home for them. His period of residence in Pennsylvania is confined to the time when he was assigned as a soldier to the Carlisle barracks. We know nothing of him other than what he tells us of himself, and we have no testimony whatever of the nature and character of the home which he alleges he maintains in Cumberland, Md.

The Act of June 26, 1895, P. L. 316, as amended by Act of May 13, 1925, P. L. 638, provides that in disputes between father and mother relative to custody of their children, the court shall decide which, if either, parent shall have such custody, regard first being had to fitness of such parent and best interest and permanent welfare of the child: Com. v. Daubert, 24 Schuyl. Legal Rec. 409.

Were it only a question as to the mother's residence in another state, the mother and respondent might point to Com. v. Black, 79 Pa. Superior Ct. 409, where it was held that a mother was entitled to the custody of her minor children residing with their paternal grandparents, where the father was not able to establish a home for them, and it is immaterial that the home which she offers is in another state.

But more appears in this case. We are bound to consider primarily the fitness of each parent and the best interests and permanent welfare of the child. When the court is satisfied that the best interests of the child will be served by giving custody to father, such decree will be made: Com. v. Aransky, 24 Schuyl. Legal Rec. 62; Com. v. Adams, 20 Berks Co. L. J. 179; 11 D. & C. 712; Com. v. Handley, 25 Luzerne Legal Reg. 57. The custody of a five-year-old girl was given to father where parents of mother were hostile to father, but his parents were not hostile to her. The giving of such custody was for the best interests of the child: Com. v. Horisk, 43 Montg. Co. Law Repr. 25, affirmed 90 Pa. Superior St. 400.

It plainly appears from the testimony that this mother was more interested in earning money than in caring for her children. While living with the father of their children, she preferred to be employed in lunch rooms at night rather than to be in her home with her children, as a good mother should be. The father has testified that his earnings were and are $160 per month. Her present husband has testified that his earnings are $150 per month. The conclusion is definite, therefore, that if there was necessity for her to work at night, with a husband who earned $160 per month, there would be an equal necessity for her to become a wage-earner with a husband whose wages are $150 per month. Again, we find her preferring to place her children with their grandparents while she worked as a nurse. Taken all in all, we find that her desire to be with her children was not that which a mother should exhibit.

We know nothing of her present home and its environment. On the other hand, we are fully satisfied with the correctness of the Stere home in Union Township. Further, we are satisfied that the father is fully fit to continue

the custody of his children. We are not willing to send them beyond the borders of our State into a home of which we know nothing and controlled by a new husband of whom we know less.

We recognize the duty imposed upon us to afford an opportunity for the continuance of maternal affection. We shall form our order so that the mother, if she so desires, may see her children at reasonable times.

And now, July 30, 1929, the prayer of the petition is granted and custody of Dorothy Stere and Lois Stere, minors, is awarded to the father, Howard A. Stere, with the provision that they shall continue to reside at the home of Mrs. Patience Stere in Union Township, this county, and with the further provision that the mother, Nellie A. Stere, now Taylor, shall be permitted to see such children at the home of Mrs. Patience Stere, aforesaid, at reasonable times, or elsewhere, if and when the consent of the Juvenile Court officer be first had and obtained.

From S. D. Gettig, Bellefonte, Pa.·