MILLER *v.* TRIERWEILER, SHERIFF OF VIGO COUNTY

[No. 28,864. Filed October 17, 1952. Rehearing denied November 24, 1952.]

*Earl S. Cummings,* of Sullivan, for appellant.

*Hunter Von Leer,* of Terre Haute, for appellee.

JASPER, C. J.—This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Appellant filed his verified complaint in one paragraph against appellee for a writ of habeas corpus, contending that he was being illegally held by appellee as a parole violator from the State of North Carolina.

An amended verified return was filed by appellee, to which a reply in three paragraphs was filed. Appellant filed an affidavit for a change of judge, which was granted, and a special judge was selected and heard this cause. An affidavit for a change of venue from the county was filed by appellant and denied. A written request for special findings of fact and conclusions of law was filed by appellant and denied. After hearing, the court found that appellant was legally and lawfully held by appellee, and judgment was entered accordingly.

Three contentions are made by appellant, namely, (1) that the court erred in assuming jurisdiction of the cause over appellant's objections; (2) that the court erred in overruling appellant's motion for a change of venue from Vigo County; and (3) that the court erred in overruling appellant's written request to make its special findings of fact and conclusions of law.

Appellant, in the first contention, fails to set out in his brief a concise statement of the basis of the objection to the ruling complained of, as required by Rule 2-17 (e) of this court. Appellant filed the affidavit for a change of judge, which was properly granted, *Dowd* v. *Harmon* (1951), 229 Ind. 254, 96 N. E. 2d 902, and the court, in selecting the judge, followed the procedure set out in our Rule 1-12. Appellant objected to the special judge selected. However, appellant's brief discloses that, on the granting of the change of judge, the parties could not agree upon a special judge, that the court then nominated three members of the bar, that appellant refused to strike and that the Clerk struck for him. Appellant's rights were in no way invaded. Our rules, as this court has so many times said, have the force of law. Rule 1-12 was complied with. Appellant gives no reason for his

objection to the judge selected, and none is shown. The special judge was properly qualified to try the case, and there is no showing made that the special judge was in any way interested in the cause either at the time of his selection or during the progress of the case. This contention is without merit.

Appellant next contends that the court committed error in denying him a change of venue from the county. This change of venue from the county was properly denied by the court. In the case of *Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 436, 81 N. E. 2d 683, 684, this court said:

> "The petition for a writ of habeas corpus presents a 'matter of a civil . . . nature not triable by a jury,' even though the remedy is summary . . . and special in character, so that it is not a 'civil action' under §2-1401, Burns' 1946 Replacement . . . and as such not being subject to a verified motion for a change of venue from the county."

This case was cited with approval in *Dowd* v. *Harmon, supra*. The motion for change of venue from the county was properly overruled.

Appellant next contends that the court committed error in overruling his written request for special findings of fact and conclusions of law. It was said in the case of *Schleuter* v. *Canatsy et al.* (1897), 148 Ind. 384, 385, 47 N. E. 825, 826:

> "Moreover, section 560, Burns' R. S. 1894 (551, R. S. 1881), providing that the court shall, at the request of either party, make a special finding of the facts and state the conclusions of law thereon, does not apply to *habeas corpus* proceedings. *McGlennan* v. *Margowski*, 90 Ind. 150, 154; *Garner* v. *Gordon*, 41 Ind. 92; section 1132, Burns' R. S. 1894 (1118, R. S. 1881)."

The Schleuter Case was cited with approval in the case of *Roney* v. *Rodgers, Sheriff* (1921), 190 Ind. 368, 130 N. E. 403. This contention is without merit.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 108 N. E. 2d 190.