MILLER *v.* TRIERWEILER, AS SHERIFF OF VIGO COUNTY.

[No. 29,149. Filed June 17, 1954. Rehearing denied September 23, 1954.]

*Randolph H. Mayes,* of Terre Haute, and *Earl S. Cummings,* of Sullivan, for appellant.

*Hunter J. von Leer,* of Terre Haute, for appellee.

GILKISON, J.—On the 29th day of November, 1950, appellant filed his habeas corpus proceeding against the appellee in the Vigo Superior Court where it was put at issue by an amended verified return, and a reply thereto in three paragraphs. Upon appellant's motion a special judge was selected to hear the cause. Appellant's motion for change of venue from the county was denied, as was his written request for a special finding of facts and conclusions of law.

Upon trial there was a finding and judgment against appellant and in favor of appellee. From this judgment an appeal was taken to this court, where the judgment of the trial court was affirmed on October 17th, 1952, and a rehearing was denied on November 24, 1952. See: *Miller* v. *Trierweiler, Sheriff of Vigo County* (1952), 231 Ind. 350, 108 N. E. 2d 190.

On December 2, 1952, appellant filed his verified petition for writ of error *coram nobis* in the trial court. He filed an amended petition on March 3, 1953, in which he sets forth a copy of his petition for a writ of habeas corpus, which had already been fully tried and determined and upon which a final judgment had been rendered as aforenoted. He also sets forth the various pleadings in that cause.

He then avers that subsequent to the hearing of his habeas corpus proceeding, in the trial court, a new and different governor's warrant was substituted for the original governor's warrant. That the substituted warrant sets out new and different grounds for his extradition. He avers that this substitution was without his knowledge, until long after the trial and judgment in the habeas corpus case on October 16, 1951.

If we accept the averment noted as true, the substituted warrant of the governor of Indiana is void. It was not a part of the record when the habeas corpus case was tried, when it was appealed, nor when it was decided by this court. This void substituted warrant has not affected appellant's rights and cannot affect them in any way.

We find no reversible error in the record. The judgment is affirmed.

NOTE.—Reported in 120 N. E. 2d 262.