## CHILD v. DODD.

PARENT AND CHILD.—*Custody.*—*Habeas Corpus.*—Where a mother, immediately before her death, gave her infant child to her father, the grandfather of the child, to be reared by him in his family, the husband of said mother, the father of the child, consenting, and some months afterwards a writ of *habeas corpus* was issued on petition of the father of the child, and the question under the issue formed upon the grandfather's return to said writ was whether the father was a suitable person to have the custody of his child, and the court found in favor of the father, and ordered that the child be delivered to him, the Supreme Court refused to reverse the judgment upon the evidence, which was conflicting.

From the Washington Circuit Court.

*T. L. & A. B. Collins,* for appellant.

*Alspaugh & Lawler,* for appellee.

PETTIT, J.—The facts in this case may properly be stated thus:

The appellee, Newton Dodd, was the father of an infant child aged nineteen months. The appellant, Royal B. Child, was the grandfather of the child, being the father of the infant's mother, who was dead. Six days after the child was born its mother died, and a few hours before her death she asked her father to take the child, keep it, bring and raise it up in his family, which he agreed to do without any charge on or against the father of the child. The father came into the room soon after and agreed or consented to this arrangement. The mother died in a few hours afterwards, and her father, the grandfather of the child, took it and properly cared for it for nineteen months, when the father repudiated the arrangement, and demanded the possession and custody of the child, and the grandfather refused to surrender, or to comply with the demand. The appellee filed a proper petition for a *habeas corpus* for the possession of the child, which was issued and served. The appellant, in his return to the writ, admitted that the petitioner was the father of the child, and that he was its grandfather, but he set up that the father was not a proper person to have the custody of his own child, because he was of immoral and

intemperate habits, unchaste, of vicious disposition, and without means to maintain the child.

To this return there was a reply of general denial. The case was submitted to and tried by the court, and, after hearing all the evidence and argument, the court found that the father was entitled to the possession of the child, and, over a motion for a new trial, ordered its delivery to its father. The motion for a new trial was in these words:

"1. That the finding of the court is not sustained by sufficient evidence.

"2. That the finding of the court is contrary to law."

The overruling of this motion is the only error assigned. The evidence is conflicting as to whether the father was a proper person to have the custody of the child.

We cannot, therefore, reverse the case on the evidence under many rulings of this court. The evidence warranted the finding, as much of it shows the fitness, capacity and means of the father to discharge his duty to the child.

The universal law of all nations gives the possession and control of children to the male parent, if begotten and born of wedded parents. This control may be taken away, when an overweening or strong necessity is shown as to the unfitness of the father of the child to protect and provide for it, which is not shown in this case. This case, in its leading features, is the same as *The State, ex rel. Sharpe,* v. *Banks,* 25 Ind. 495. See, also, *Wishard* v. *Medaris,* 34 Ind. 168. We entertain no doubt that the decision below was right.

The judgment is affirmed, at the costs of the appellant.