Johns *v.* Emmert.

---

## JOHNS *v.* EMMERT.

|    |     |
|----|-----|
| 62 | 533 |
| 158 | 381 |
| 62 | 533 |
| f166 | 470 |

GUARDIAN AND WARD.—*Bastard.—Custody of Ward.—Habeas Corpus.*— The guardian of an illegitimate orphan child is entitled to the custody thereof, and may, by a writ of *habeas corpus*, procure the custody of the child, even as against one to whom the mother, in her lifetime, entrusted the child to remain until its majority.

SAME.—*Defence.*—The facts, that the guardian is illiterate, that the defendant is educating the child free of expense, that a petition for the removal of the guardian is pending, and that the child desires to remain with the defendant, constitute no defence to such proceeding.

From the Boone Circuit Court.

*O. S. Hamilton* and *F. M. Charlton*, for appellant.

HOWK, C. J.—This was an application by the appellant, as guardian of the person and estate of Dulcena Johns, minor heir of Martha Emmert, deceased, against the appellee, for a writ of *habeas corpus*, to obtain the custody of the appellant's said ward.

In his verified complaint, the appellant alleged, in substance, that he was the guardian of Dulcena Johns, minor heir of Martha Emmert, deceased, duly appointed and qualified as such guardian, and legally entitled to the possession and custody of said ward; that the appellee had the custody and possession of said ward wrongfully and unlawfully, and refused to deliver up to the appellant the possession of said ward, although often requested so to do; that the appellee was not the father or guardian of said ward; and that the appellee still retained and kept the custody and possession of said ward, in Boone county, Indiana, against the will and consent of the appellant, and without any cause or pretence whatever. Wherefore, etc.

To the writ of *habeas corpus*, issued on said complaint, the appellee made his return, in substance, as follows: That he had the body of said Dulcena Johns before the court, in obedience to said writ; that the cause and pretence for the restraint of said Dulcena were, that the mother of said Dulcena, in the mother's lifetime, gave and transferred to the appellee the care, custody and education of said Dulcena, until she should arrive at the age of twenty-one years, in consideration that the appellee should have the right to take and keep said Dulcena, until she should arrive at said age; that the agreement was mutual between the mother of said Dulcena and the appellee; that said Dulcena had no legitimate father; that, at that time, said Dulcena was only four years old, and had no home, nor any person to care for her; that the father of the said Dulcena was unknown, and her mother had long since been dead; that the appellee had had the care and custody of said Dulcena for more than four years then last past; that during that time the appellee had clothed and cared for said Dulcena, and had caused her to be taught to read and write; that said Dulcena was then

nine years old; that the appellee had ample means to care for, support and educate said Dulcena, who had become attached to the appellee and his wife; that the appellant was illiterate, and could not read or write, and was in no way competent to care for said Dulcena; that a suit was then pending in the court below to remove the appellant from said guardianship; that the facts stated in the petition for the appellant's removal were true; and that the appellee did not restrain the said Dulcena of her liberty, in any other or different way than as stated in his said return. Wherefore, etc.

The appellant demurred to the appellee's return to said writ of *habeas corpus,* upon the ground that it did not state facts sufficient to constitute a good return to said writ, which demurrer was overruled by the court, and to this ruling the appellant excepted.

The cause having been fully heard, the court found, that the custody of the child, Dulcena, should be awarded to the appellee, and rendered judgment accordingly. The appellant's motion for a new trial was overruled, and he excepted to this decision, and appealed to this court.

The following decisions of the circuit court are complained of as errors, by the appellant, in this court:

1. The overruling of his demurrer to the appellee's return to the writ of *habeas corpus* issued in this cause.

2. The overruling of his motion for a new trial or hearing of his cause.

We have no brief from the appellee, in this court, and we confess our inability to discover any legal grounds for the decision of the circuit court. The evidence is properly in the record. There is no conflict in the evidence, as to the material facts of the case. The child in controversy, Dulcena Johns, had no known father, and her mother was dead. The appellant was the brother of the child's mother, and, by the appointment of the court below, on the 10th

day of August, 1874, he had since been, and then was, the guardian of the person and property of said child. In section 6 of "An act touching the relation of guardian and ward," approved June 9th, 1852, it is provided, that "Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate, during minority," etc.   2 R. S. 1876, p. 589.   This provision is mandatory, and the only exceptions thereto, in favor of the father, or, if he be dead, of the mother, of the minor, are not applicable to this case.   Neither in the appellee's return to the writ, nor in the evidence adduced on the hearing, was there any cause shown why the appellant's legal right to the custody of his ward should be denied him.

Dulcena Johns, the child in controversy, it appears from the record, made the following statements, on the part of the appellee :   " I want to live with Mr. Emmert " (the appellee) ;  " he treats me kindly; they don't abuse me.   I'm afraid to go to Mr. Johns " (the appellant) " for fear they will keep me.   Mr. Johns always treated me kindly.   I go there once every month.   They never offered to make me stay at their house.   I go to school, and can read and write. I am attached to Mr. Emmert's family, and they to me."

The express wish of Dulcena to live with the appellee afforded, perhaps, a sentimental reason for the decision of the circuit court ; but it would have been strange, we think, if, under the circumstances, she had expressed any different wish.   It seems to us, that the wishes of the child, of such tender years, ought not to be permitted to outweigh the legal right of the appellant to the custody of his ward.

In our opinion, the court erred in overruling both the appellant's demurrer to the appellee's return to the writ, and the appellant's motion for a new trial or hearing of this cause.

The judgment is reversed, at the appellee's costs, and

the cause is remanded, with instructions to sustain the demurrer to the appellee's return to the writ of *habeas corpus*, and for further proceedings.