Brooke v. Logan.

Filed Oct. 21, 1887.

No. 13,864.

BROOKE *v.* LOGAN.

PARENT AND CHILD.—*Custody of Child.—Estoppel.*—Where a parent places his child in the care and keeping of another, verbally agreeing that the latter may have the custody of such child during minority, he is not thereby estopped to afterwards reclaim its custody.

SAME.—*Fitness of Father.—Right to Custody as Against Guardian.*—If a father is a suitable person he is entitled to the custody of his infant child as against its statutory guardian; but the controlling consideration is the welfare of the child, and if a sufficient reason exists why the father should not have its custody, it will be given to others better fitted.

SAME.—*Res Judicata.—Appointment of Guardian.*—In order that the appointment of a statutory guardian may be conclusive as against the father's right to the custody of his child, it must appear that he was in court in such manner that the question of his fitness must have been passed on in appointing the guardian.

SAME.—*When Question of Custody Conclusively Settled.*—The question of the custody of a minor child, once properly and finally adjudicated, whether in *habeas corpus* proceedings or otherwise, is settled for all time, unless there be an appeal, and the judgment can not be attacked collaterally.

SAME.—*Habeas Corpus.—Proceeding to Remove Guardian.*—In a proceeding by a father to have the statutory guardian of his child removed and himself appointed, a judgment refusing to grant such relief does not involve the right to the custody of the child, and is not a bar to a proceeding by *habeas corpus*.

SAME.—*Return to Writ.—Sufficiency of.*—Where the return to the writ of *habeas corpus* is good upon one ground it is sufficient as against a general exception to it.

From the Marshall Circuit Court.

*C. Kellison,* for appellant.

*A. C. Capron,* for appellee.

ZOLLARS, C. J.—Appellant instituted this proceeding of *habeas corpus* against appellee to recover from him the cus-- tody of his, appellant's, daughter, near five years of age.   He seeks her custody upon the ground that he is her father, and has a good home for her, and that he and his wife, who is a second wife without children, are suitable persons to be en- trusted with her custody, care and education.   He alleges in his petition, amongst other things, that, notwithstanding his demand upon appellee, he has refused to surrender the cus- tody of the child.

In his return to the writ, appellee states the several grounds upon which he claims the custody of the child as against ap- pellant, which may be summarized as follows:

1st.  When the child was a mere babe, appellant placed her in the care and custody of appellee and his wife, who is a relative of the child.   After she had been with them for about a year, appellant gave up and surrendered to them her care and custody so long as she should remain a minor.

2d.  At appellant's request, and to carry out the agreement as to the custody of the child, appellee made the proper ap- plication and was duly appointed the guardian of her person and estate.

3d.  Prior to the commencement of this proceeding, ap-- pellant made application to the court for the removal of ap- pellee, and for the appointment of himself in his stead, as such guardian of the person and estate of the child, stating in his application the same facts as the basis of his right to the custody of the child as are stated in his petition in this case.   Appellee appeared to the application, and the court, after hearing evidence, found against appellant, and refused to remove appellee, or to appoint appellant as such guar- dian of the person and estate of the child.   The judgment of the court in that case is yet in full force.

4th. " The petitioner is not a fit and suitable person to have the care and custody of the child."

We examine the grounds upon which appellee claims the custody of the child in the order above stated:

1st. The placing of the child in the care and keeping of appellee, and the verbal agreement by appellant that he might have her care and custody during her minority, did not, of themselves, estop appellant from thereafter reclaiming that custody. The rulings of this court have been uniform upon that question, and in accord with authority in England and most of the American States. It will be sufficient here to cite some of the authorities without extending this opinion to state the reasons upon which they rest. *Dalton* v. *State*, 6 Blackf. 357 ; *State, ex rel.*, v. *Banks*, 25 Ind. 495 ; *Wishard* v. *Medaris*, 34 Ind. 168 ; *Child* v. *Dodd*, 51 Ind. 484 ; *Copeland* v. *State, ex rel.*, 60 Ind. 394 ; *Johns* v. *Emmert*, 62 Ind. 533 ; *McGlennan* v. *Margowski*, 90 Ind. 150 ; *McKenzie* v. *State, ex rel.*, 80 Ind. 547 ; *Lee* v. *Back*, 30 Ind. 148 ; Schouler Domestic Relations, section 251, and cases there cited ; Church Habeas Corpus, section 428.

2d. The appointment of appellee as guardian of the person and estate of the child did not, of itself, deprive appellant, as the father, of her custody. Section 2518, R. S. 1881, is as follows : " Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust : *Provided*, That the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor." If the father is a suitable person, he has a right to the custody of his infant child as against the statutory guardian. So the statute declares and so it has been held. *Garner* v. *Gordon*, 41 Ind. 92 (104) ; *Johns* v. *Emmert, supra ; Bryan* v. *Lyon*, 104 Ind. 227 ; *State* v. *Baldwin*, 5 N. J. Eq. 454 ; *State* v. *Clover*, 16 N. J. 419 ; *State* v. *Nachtwey*, 43 Iowa,

653; *People* v. *Mercein,* 3 Hill, 399; *Regina* v. *Smith,* 16 Eng. L. & Eq. 221; *State* v. *Smith,* 6 Maine, 462; *Pool* v. *Gott,* 14 L. R. 269.

In order that the appointment of a statutory guardian may be conclusive as against the father's right to the custody of his child, it must in some way appear that he was in court in such manner that the court, in appointing the guardian, must have passed upon the question of his fitness to have such custody.    Such is not the case here.

3d. Appellant's counsel passes the third ground upon which appellee claims the custody of the child with the remark that the doctrine of *res adjudicata* does not apply to *habeas corpus* proceedings.

In that counsel is very clearly mistaken.    The question of the custody of a minor child, once properly and finally adjudicated, whether in a *habeas corpus* proceeding or otherwise, is settled for all time, unless there be an appeal, and the judgment rendered is impregnable as against a collateral assault.

A subsequent writ may be awarded, but upon the subsequent hearing evidence will not be heard which goes back of the previous adjudication.    *Mercein* v. *People,* 25 Wend. 64; Freeman Judgments, section 324; Church Habeas Corpus, section 387, and cases there cited; *Dubois* v. *Johnson,* 96 Ind. 6 (14); Tyler Infancy and Coverture, p. 291; *People* v. *Mercein, supra.*

We think, however, that the adjudication upon appellant's application to have appellee removed and himself appointed guardian of the child is not conclusive as against this proceeding.

These tests have been applied in determining whether or not the cause of action in two cases is the same, and whether, therefore, an adjudication in one is a bar to the other:

In the case of *Taylor* v. *Castle,* 42 Cal. 367 (372), it was said: "The cause of action is said to be the same where the same evidence will support both actions; or, rather, the judg-

ment in the former action will be a bar, provided the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former."

That the cause of action in two cases is the same is a test by which it is determined that an adjudication in one is a bar to the other. Herman Estoppel and Res Judicata, sections 106, 107, 111; *Kalisch* v. *Kalisch*, 9 Wis. 529; *Stowell* v. *Chamberlain*, 60 N. Y. 272.

In the case of *Veeder* v. *Baker*, 83 N. Y. 156 (160), it was said that a cause of action may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant, and that it is sufficiently accurate to say that these combined constitute the cause of action.

Applying those tests, it can not be said that the judgment of the court in refusing to remove appellee and appoint appellant as guardian is a bar to this proceeding.

In that proceeding what may be called the right of the plaintiff was the right to have appellee removed and himself appointed guardian of the person and estate of the child in his stead. In this proceeding the right asserted on the part of the plaintiff is simply the right to have the custody of the child, as that right is given him by the statute under which appellee was appointed. Nor would the evidence necessary to sustain this proceeding or action, without more, have sustained the former proceeding or action. This proceeding may be sustained by evidence which in no way affects appellee's rights, powers and duties as guardian under the statute. In that proceeding it was necessary to go further, and show some cause why he should be removed as such guardian both of the person and estate of the ward.

4th. It is stated in general terms, as we have seen, that appellant is not a fit and suitable person to have the custody and education of his daughter.

It is contended that that statement is too general. On the other hand, it is contended that the exception to the return

is too general.   There is ground for both contentions, under the rules of correct pleading, but we think that the return should not be overthrown upon the ground stated.   Doubtless the court, upon a proper motion by appellant, might have required the return to be made more certain.

We hold the return good, therefore, upon the one ground that it asserts the unfitness of appellant to have the custody, care, training and education of the child.   Being sufficient upon that ground, it will stand as against the general exception made to it.

This brings us to the evidence.   We do not think it necessary to set out the evidence in detail, nor to give an extended summary of it.   It is enough to say that appellant is the father of the child, and that he and his wife, who is a second wife, without children, are shown, without conflict in the evidence, to be persons in every way fit and suitable to be entrusted with the custody, care, training and education of the child; that he denies that he made any permanent surrender of the custody of the child to appellee, and that since it has been in his custody he, appellant, has contributed somewhat towards its support.

On the other hand, while it is shown that appellee's wife has, in the main, done a mother's part by the child, and at a time when it most needed a mother's care, there is evidence tending to show that she has discriminated, in some measure, in favor of her own children ; and it is shown that things have occurred in the family that ought not to occur in the presence and hearing of children.

It is said by counsel for appellee that it could have been shown that appellant is not in all respects a fit and suitable person to have the custody and training of his child, but that the court below regarded it as unnecessary.

If there is any thing showing, or tending to show, that appellant is not a proper person to have the custody, training and education of the child, it should have been brought for-

ward and shown. While the law awards the custody of minor children to the father as against the statutory guardian, it is only when he is a fit and suitable person to have such custody.

In each case due regard will be given to the feelings and wishes of the father, yet the controlling consideration is the welfare of the child, and if a sufficient reason exists why the father should not have the custody of the child, it will be given to others better fitted to have such custody, and for the training and education of the child. When the father is a fit and suitable person to have the custody and care of the child, he is entitled to it, by force of the statute, as against the statutory guardian. See *Jones* v. *Darnell*, 103 Ind. 569 (53 Am. R. 545), and cases there cited; *Bryan* v. *Lyon*, 104 Ind. 227 (54 Am. R. 304), and cases there cited.

Upon the whole case, as presented by the evidence, we feel constrained to hold that the judgment must be reversed.

Judgment reversed, with costs, and cause remanded, with instructions to the court below to sustain appellant's motion for a new trial.

Filed Oct. 22, 1887.

## DISSENTING OPINION.

NIBLACK, J.—I agree generally to the conclusion reached in this case, but can not concur in the intimation given that the question of the custody of a minor child may be settled in an incidental way at the time, and as a part of the proceedings, when letters of guardianship over its person and estate are applied for and issued.

An application for letters of guardianship is, in its nature, *ex parte*. If the question of the custody of a child may then be so settled, I can not see upon what principle such custody may not be determined upon an application for the removal of a guardian. Such an application is an adversary proceeding, requiring notice to the guardian, and involving a judicial

inquiry. *Dibble* v. *Dibble*, 8 Ind. 307. Such an inquiry may, therefore, be made to take a wider range, and to be, hence, much more comprehensive than proceedings upon an application for letters of guardianship.

Filed Oct. 22, 1887.