IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1901, AND NOVEMBER TERM,
1901, IN THE EIGHTY-FIFTH AND EIGHTY-SIXTH
YEARS OF THE STATE.

---

## BERKSHIRE v. CALEY ET AL.

[No. 19,180. Filed May 28, 1901.]

APPEAL AND ERROR.—*Failure of Appellee to File Brief.*—Where the appellee fails to file a brief within the time allowed in support of the judgment, such failure may be accepted and deemed to be a confession of the errors assigned by the appellant, and the Supreme Court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits. *p. 5.*

PARENT AND CHILD.—*Custody of Child.—Guardian and Ward.—Habeas Corpus.*—The rule of common law recognized by §2682 Burns 1894 giving the father the *prima facie* right to the custody of his minor child is not absolute, but is secondary and subordinate to the welfare and happiness of the child. *pp. 5-9.*

EVIDENCE.—*Habeas Corpus.—Parent and Child.—Guardian and Ward.*—In a *habeas corpus* proceeding by a father to obtain the custody of his child, it was proper for the court to hear evidence in respect to the fitness and character of the woman in whose care the guardian expected to place the child. *p. 10.*

SAME.—*Habeas Corpus.—Parent and Child.—Guardian and Ward.*—In a *habeas corpus* proceeding by a father for the possession of his child, the court properly refused to permit plaintiff to attack the character of the daughter of the woman in whose care the guardian intended to place the child. *p. 10.*

From White Circuit Court; *Truman F. Palmer,* Judge.

*Habeas corpus* by Solomon M. Berkshire against James W. Caley and others to obtain the custody of plaintiff's minor child. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*A. W. Reynolds* and *A. K. Sills,* for appellant.

JORDAN, J.—This was a proceeding of *habeas corpus* instituted by appellant, Solomon M. Berkshire, against James W., Edward W., and Augusta Caley, to obtain the custody of his daughter, Nora B. Berkshire. It appears that of the defendants, appellees herein, James W. Caley is the grandfather, Edward W., is the uncle, and Augusta Caley is the aunt by marriage, of the child in controversy. Appellant avers in his petition that Nora B. is his child; that she is past the age of nine years, and that he is lawfully entitled to her custody; that said defendants have seized her body and restrained her of her liberty and deprived him of the custody or possession of said Nora B., by forcibly keeping her in their possession in White county, Indiana, and that such restraint is unlawful and without right. The writ was awarded and made returnable on August 24, 1899. On that date the defendants appeared and made returns to the writ. Edward W. and Augusta Caley upon their part, for return thereto, alleged and set forth that they neither jointly nor separately at the commencement of the action or at the time of their return to the writ had the custody or control of the said Nora B. Berkshire, and in no manner did they deprive her of her liberty. The defendant, James W. Caley, for return, alleged and represented to the court that he had the body of said Nora B. before it, but he averred that it was not true that he restrained her of her liberty as charged by the petitioner, but alleged the facts to be that said child remained with him as a part of his family of her own free will and choice; that

Berkshire *v.* Caley.

he, before the institution of this action, was, by the clerk of the White Circuit Court, duly appointed her guardian, she being a minor of the age of nine years; that said Nora B. is the daughter of the plaintiff and Nettie B. Berkshire, who were formerly husband and wife, the latter being his daughter; that about October 10, 1897, plaintiff in the Cass Circuit Court procured a decree of divorce from his said wife, Nettie B., and that by an agreement between said parties the latter was to have and retain the custody of their said infant daughter, Nora B.; that her said mother took and retained the custody and possession of the said child until August 19, 1899, when the said Nettie B. Berkshire died; that on her deathbed she gave to the defendant the care and custody of said Nora B., and requested that he, with the aid of his codefendants Edward W., and Augusta Caley, care for, raise, and protect her said child; that said Nettie B., being aware of the cruel and malignant disposition and character of the plaintiff, requested and pleaded that said child should not be given into his care or custody; that after plaintiff and his wife were divorced, the former did not visit his said child until after the death of her mother; that after obtaining the divorce heretofore mentioned, the plaintiff married a widow who had minor children by her former marriage, all of which children resided with plaintiff as members of his family, and if the custody of Nora B. is awarded to him she will be required to live with him and her stepmother and her said children by the former marriage, which defendant avers, under the circumstances, will be detrimental to the best interests of said Nora B. The defendant further avers that he has a good farm and a good house thereon and is amply able to care for and properly raise and protect said child, who is very much attached to him and his family, and who refuses to go to live with her said father, and that the latter is not situated or in the condition to give her the advantages which she will enjoy if left with the defendant, and it is further

alleged and charged that the petitioner is not a fit or suitable person to have the custody and control of said child.

After unsuccessfully moving to make this return more specific, appellant filed his answer thereto, whereby he admitted the fact of the divorce from the mother of the child, that the custody of the latter had been transferred to its said mother by means of an agreement, as averred in the return, and that she retained the same until her death, but he denied or controverted the charge made against his character and fitness, and alleged that his present wife is a moral and Christian woman, and that his condition and means are such that if the said Nora B. is placed in his care and custody she will secure good attention and moral and physical training, and the advantages of a good education, which she can not secure if she remains in the custody of the defendant; that the defendant, James W. Caley, is a man who has no wife; that he uses profane language in the presence of his family, and also uses intoxicating liquors; that he has taken said Nora B. Berkshire to places where intoxicating liquors were drank, and that he is not a fit or suitable person to have the care and custody of said child.

Upon the issues joined between the parties, the court heard the evidence, and thereupon found in favor of the defendants, and, over appellant's motion for a new trial, adjudged that he take nothing by his action and that he pay the costs of the suit, and further adjudged that Nora B. Berkshire, the girl in controversy remain in the custody of the defendant James W. Caley. The petition proceeds upon the theory that appellant as the father of the girl is entitled to have the custody and control of her, and that she is illegally held by the defendants and thereby restrained of her liberty. The principal contention of counsel for appellant is that the latter is shown by the evidence to be a suitable person to have the custody of his child and that the court erred in denying him this right. Each party examined numerous witnesses in the lower court and a great mass of

Berkshire *v.* Caley.

evidence has been certified in this appeal, all of which we have read and considered together with the questions presented by appellant. The appellee has not favored us with a brief or any argument whatever to sustain the judgment below, and we are left wholly unaided, so far as he is concerned, to examine and consider the authorities and argument presented by counsel for appellant. This neglect is to be regretted, and meets our positive disapproval. Where a successful party in the lower court, when the case has been appealed by his adversary to this court, becomes so indifferent or derelict as to fail to prepare and file within the time allowed a brief or argument in support of the judgment assailed, such failure or default upon his part may be accepted and deemed to be a confession of the errors assigned by appellant, and this court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits. We do not in this appeal enforce the rule here declared, but parties should be admonished in respect to its enforcement in the future and govern themselves accordingly.

The evidence when considered as a whole does not favorably impress us in respect to appellant's fitness to have the custody, control, and education of his said child; neither is it shown that her custody should have been awarded to him by the court upon the grounds that it would conduce to her future welfare or best interests. In fact the evidence in respect to the fitness of the parties to have the custody and care of the child in dispute may be said to preponderate in favor of the appellee James W. Caley. It appears that the girl at the time of the trial was nine years old and over, and that appellant and his wife, her mother, were divorced in 1897. They had two children,—said Nora B., then about seven years of age and a boy still younger. By a written argreement, into which the parties entered at the time of the divorce, they divided the property which they had between them, and further provided that the mother

should have the custody of this girl, and the father retain the custody and control of the boy. The wife, after she was divorced from appellant, took her said daughter and went to live in the home of her father, James W. Caley, where she and her daughter both resided as members of his family until the death of the mother, which occurred in August, 1899. The mother upon her deathbed requested that her said daughter, Nora B., should remain with the grandfather, and that her brother Edward and her aunt, Augusta Caley, should aid him in caring for her said daughter. The grandfather is shown to be about fifty-three years old, and since the death of the mother of Nora B., he has been appointed the guardian of his said granddaughter by the clerk of the White Circuit Court. It is disclosed that the wife of James W. Caley died a short time before the death of Nora's mother, and that appellee, at the time of the trial, was a widower; that under an arrangement which he made with his co-appellee, Augusta Caley, he was intending to reside in her family, she being his sister-in-law, and had also arranged to place his said ward and granddaughter under her care. The evidence shows that Augusta Caley is an excellent woman and suitable to have the care and control of this girl. The grandfather is the owner of a farm, as well as other property, and both he and Augusta Caley, Nora's aunt, are very much attached to her, and in return the latter is shown to be very much attached to them. Nora B. Berkshire, while upon the witness stand testifying as a witness, expressed a strong desire to remain with her grandfather and aunt. She admitted that she loved her father and liked to go and visit him, but that her preference was to remain and live with her said grandfather and aunt. It is disclosed by the evidence that appellant is addicted to the use of intoxicating liquors and has contracted the vicious habit of profanity. He is in the habit of using profane language in the presence of ladies and in the presence of his own wife and family. It is disclosed that upon one

occasion after his divorce while reproving his said daughter, Nora B., and her little brother for having mislaid a bridle with which they were playing, he employed profane language in reproving them. It is further disclosed that the relations existing between appellant and his father-in-law's family after he was divorced from the mother of his said daughter were not altogether amicable; that he seldom, if ever, visited his child during the time that she lived at the home of her grandfather, and did nothing, comparatively, towards furnishing her any support. After the death of the mother appellant was heard to say that he intended to have the control of this child and also the money or property which she seems to have inherited upon the death of her mother. On the very day that his divorced wife was buried, he went to the home of James W. Caley and demanded that he be given the possession of Nora. It would seem from a consideration of the evidence that he was actuated to demand and claim the custody of his daughter more on account of the ill will which he entertained towards his father-in-law, than he was by the desire to promote her welfare and best interest.

As a general rule there can be no question but what the father, *prima facie,* is entitled to the custody of his legitimate minor children, but this right is not an absolute one, but depends upon the circumstances in each particular case, and the question of the custody, control, and education of a minor child, when involved, is, under the facts in the case, lodged in the sound discretion of the trial court, subject, of course, to review upon appeal to a higher court. *Darnall* v. *Mullikin,* 8 Ind. 152; *Child* v. *Dodd,* 51 Ind. 484; *McKenzie* v. *State, ex rel.,* 80 Ind. 547; *McGlennan* v. *Margowski,* 90 Ind. 150; *Bryan* v. *Lyon,* 104 Ind. 227, 54 Am. Rep. 309.

Our statute, §2682 Burns 1894, relating to the custody of minors upon the part of their guardians and parents, provides: "Every guardian so appointed shall have the

custody and tuition of such minor, and the management of such minor's estate during minority, \* \* \* . Provided, That the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor." This provision is but a recognition of the rule asserted at common law, and appellant, under the circumstances, in view of the fact that he was the father of the minor in controversy, presented, at least, a *prima facie* claim or right to be awarded the custody thereof as against appellee, her legal guardian. It then became a question, however, as to whether appellant was a suitable person to resume the custody and control, which, under his agreement, he had, prior to the death of his divorced wife, transferred to her, and also as to whether it would promote the best interests or general welfare of the child to change her custody by awarding it to appellant. *Garner* v. *Gordon,* 41 Ind. 92; *State v. Banks,* 25 Ind. 495; *Bryan* v. *Lyon,* 104 Ind. 227; *Hussey* v. *Whiting,* 145 Ind. 580; *Schleuter* v. *Canatsy,* 148 Ind. 384.

While the legal rights of a father to have the custody of his minor child should be respected by a court, still the general welfare or best interest of the infant is paramount in consideration and is of controlling influence, and the rights of the parents must be considered as secondary or subordinate to the welfare of the child. *Jones* v. *Darnall,* 103 Ind. 569; *Bryan* v. *Lyon,* 104 Ind. 227; *Husse* v. *Whiting,* 145 Ind. 580; Hurd on Habeas Corpus, 461.

The tendency of the modern decisions of our courts has been to affirm that the father's right to the custody of his minor child is not absolute, but that it is secondary or subordinate to the welfare and happiness of the child, and that such welfare is the paramount or controlling question to be determined in providing for the infant's custody and control. Neither of the parents of the minor, in the eye of the law, can have such an interest in their child as will be

Berkshire *v.* Caley.

allowed to conflict with its future welfare. In the case at bar there is evidence to establish that appellant is not a suitable person to be awarded the custody and care of this young girl. Again, it is disclosed that when the conjugal relations existing between him and her mother were severed by the decree in the divorce proceedings, that he voluntarily transferred her custody and care to the mother; that the latter with her said daughter was given a home under the roof of her father, where she resided until her death. During this period, it appears that the attachments of the grandfather and the granddaughter for each other have been greatly increased and are of such a nature that apparently a change of her custody or separation from him would affect her future happiness. She, as it appears from the intelligent manner in which she gave her evidence as a witness on the trial of the cause, is, apparently, at least, capable of expressing her own wishes or desires as to which of the parties she preferred should have her in charge, and the court, it seems, consulted her in respect to her wishes, and, as previously stated, she expressed her desire to remain with her grandfather and her aunt, Augusta. The wishes or desires of an infant of discretion in respect to his or her custody are frequently considered by the trial court, not because such infant has the legal right to demand that his wishes be regarded, but because it is proper for the court to be informed relative thereto, in order that it may be better prepared wisely to exercise its discretion upon the question of the custody of such infant. The court, however, is not to be influenced in any degree by the mere whims of the infant, but may have regard for its feelings, attachments, and reasonable preferments, and its probable contentment and happiness, incidental to its custody. Hurd on Habeas Corpus, 532, 533.

As there is evidence which fully justified the court in refusing to disturb the present custody and control of the child in controversy, we cannot hold that the court by such

refusal abused its discretion. Appellant complains because the court heard evidence in respect to the fitness and character of Augusta Caley to have the care of the child in question. Appellant was not harmed by this ruling. It appeared, as heretofore stated, that the appellee had arranged to place his ward in the care of this lady, hence, it was proper for the court to inquire in regard to her fitness. In the introduction of evidence in cases of this character the court may allow a wide range, as the question to be determined rests within its sound discretion. *McKenzie v. State, ex rel.,* 80 Ind. 547.

The court refused to allow appellant, upon the trial, to attack the character of the daughter of Augusta Caley. There is no error in this ruling, as the character of the daughter of Mrs. Caley was in no manner involved in the case.

We have considered all of the questions argued by appellant, and conclude that the record presents no reversible error. The trial court, by its judgment, did not decide for what period of time the child in dispute should remain in the custody and control of appellee, nor for what time appellant should be deprived of her custody, and if the conditions or character of the parties in the future should be changed, appellant may then be in a position successfully to demand the custody of his said daughter.

Judgment affirmed.