Palin *v.* Voliva.

## PALIN ET AL. *v.* VOLIVA, GUARDIAN.

[No. 19,742.    Filed April 22, 1902.]

GUARDIAN AND WARD.—*Custody of Orphan Minor Child.—Wishes of Ward.*—The guardian of an orphan minor child is entitled to the custody and control of such child, and the desire of the ward is not controlling.

From Fountain Circuit Court; *J. M. Rabb,* Judge.

Habeas corpus by Robert N. Voliva, guardian of Flora Moffitt, against Orange Palin and another, to obtain the custody of his ward. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*C. R. Milford,* for appellants.
*I. E. Schoonover* and *J. B. Martin,* for appellee.

MONKS, J.—This proceeding was commenced July 26, 1901, by appellee, as guardian of Flora Moffitt, a minor, against the appellants, to obtain, by writ of habeas corpus, possession and control of his ward, whose father and mother were deceased. The proceeding, which was commenced and determined in vacation, resulted in an order awarding the custody of the ward to appellee as such guardian.

It is claimed by appellants that the court erred in awarding the custody of said ward to appellee, because the same is not supported by the evidence, and is contrary to law. In this State, where there is no father or mother living, as in this case, the guardian of a minor is entitled to the custody and control of such minor during minority. §2682 Burns 1901, §2518 R. S. 1881 and Horner 1901. *Schleuter* v. *Canatsy,* 148 Ind. 384, 388; *Johns* v. *Emmert,* 62 Ind. 533; *Bounell* v. *Berryhill,* 2 Ind. 613. This provision of the statute is mandatory. *Johns* v. *Emmert,*

*supra,* p. 536. The evidence given on the hearing does not
show any reason why appellee's legal right to the custody of
his ward should be denied.

It appears from the evidence that on May 25, 1901, the
Fountain Circuit Court, in a proceeding brought by ap-
pellee as such guardian against Cora Palin, one of the
appellants, for the custody of said ward, adjudged that ap-
pellee "was the guardian of said ward and entitled to the
custody of her person and property, and that said Cora
Palin had interfered with and usurped and withheld the
custody of the person of said ward from the appellee, her
guardian, and that appellee have the custody of the person
and property of his said ward." Afterwards appellee re-
moved his ward from the house of appellants and placed her
with her brother. On the evening of July 14th appellee and
his ward attended church, and, at the close of the services,
after a conversation between the ward and appellants, she
went with them to their home. Appellants claim that this
was with appellee's consent, while he claims that it was
without his consent and against his will. About two days
afterwards, appellee, by his agent, at the home of appel-
lants, demanded of them the possession of his ward. After-
wards, on July 26, 1901, appellee commenced this proceed-
ing. It would unnecessarily extend this opinion to set out
the evidence given as to what occurred at the church on
the night of July 14th, and at the home of appellants after-
wards, when the demand was made for the possession of
said ward.

We have carefully read and considered all the evidence
in the cause, and, while there is some conflict, we are satis-
fied that appellants, by their solicitation, counsel, and ad-
vice, as well as by their actions, intentionally induced and
influenced said ward to leave her said guardian, and go with
them to their home and remain there, and that if appellants
had not attempted in any way to influence said ward that
she would have remained with her guardian.

It is true that the wishes or desires of an infant of discretion, in respect to his or her custody, are frequently considered by the trial court in the exercise of its discretion, in such cases; but, as was said in *Berkshire* v. *Caley*, 157 Ind. 1: "Not because such infant has the legal right to demand that his wishes be regarded, but because it is proper for the court to be informed relative thereto, in order that it may be better prepared wisely to exercise its discretion upon the question of the custody of such infant. The court, however, is not to be influenced in any degree by the mere whims of the infant, but may have regard for its feelings, attachments, and reasonable preferments, and its probable contentment and happiness, incidental to its custody. Hurd on Habeas Corpus, 532, 533."

There was evidence which fully justified the learned judge in awarding the custody of said ward to appellee, her guardian, and we can not hold that in making such order the discretion vested in him was abused.

Judgment affirmed.