## BULLOCK *v.* ROBERTSON ET AL.

[No. 19,912.    Filed October 28, 1902.    Rehearing denied May 12, 1903.]

PARENT AND CHILD.—*Custody.*—*Habeas Corpus.*—In a suit for the custody of a child, whether between the father and mother, or either of them, and third persons, the welfare of the child is paramount to the claim of either parent, and the order of court should be made with regard to the best interests of the child. *p. 522.*

SAME.—*Custody.*—*Habeas Corpus.*—*Appeal and Error.*—Where the custody of an infant in a *habeas corpus* proceeding is awarded by the court upon the evidence, such judgment will not be reversed upon rulings which merely go to the sufficiency of the return. *pp. 523, 524.*

From the Superior Court of Marion County; *J. L. McMaster*, Judge.

*Habeas corpus* proceeding by Henry W. Bullock against William Robertson and others to obtain possession of a child. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*Frank McCray* and *G. W. Spahr*, for appellant.
*W. T. Brown*, for appellees.

MONKS, J.—This was a *habeas corpus* proceeding brought by appellant against his wife, Jessie R. Bullock, and his wife's father and mother, William and Roxana Robertson, to obtain the possession of an infant child of appellant and said Jessie, aged four years. Appellees William and Roxana Robertson filed a return to said writ, and Jessie R. Bullock filed a seperate return. Appellant filed exceptions to said returns which were overruled by the court. A hearing of said cause resulted in a judgment awarding the custody of said child to appellee Jessie R. Bullock.

Appellant insists that the action of the court in overruling his exceptions to said returns was erroneous. It is settled law in this State that where there is a controversy in a *habeas corpus* proceeding, or in a suit in equity, for the custody of a child, whether between the father and mother, or between them, or either of them, and third persons, the welfare of the child is paramount to the claim of either parent, and the order of the court should in all such cases be made with regard to the best interests of the child. It is reasonable and just that the courts should have this power for the benefit of the infants. Their custody should not depend upon the accident of possession. The real question is to whom should they be entrusted for their own good and that of society. *Palin* v. *Voliva*, 158 Ind. 380; *Leibold* v. *Leibold*, 158 Ind. 60; *Berkshire* v. *Caley*, 157 Ind. 1, 8, and cases cited; *Schleuter* v. *Canatsy*, 148 Ind. 384, 388,

and cases cited; *Hussey* v. *Whiting,* 145 Ind. 580, 582; *McShan* v. *McShan,* 56 Miss. 413 ; Hochheimer, Custody of Infants (3d ed.), §§42, 43, 46-49; Church, Habeas Corpus (2d ed.), §§425, 437c, 439-443; Hurd, Habeas Corpus (2d ed.), 473 *et seq.;* 15 Am. & Eng. Ency. Law (2d ed.), 185-187; 17 Am. & Eng. Ency. Law, 365-371.

Under the rule established in this State, and by the authorities cited, the father is not entitled, as a matter of course, to an order, on the return to a writ of *habeas corpus.* that the mother or other person in possession of the child shall deliver it to him; but the courts will exercise a sound discretion for the benefit of the child, in disposing of its custody.

When an infant is brought into court in obedience to a writ of *habeas corpus,* it is in the custody of the court, subject to its disposition, and this power rests upon the broad foundation of the general jurisdiction of the court over infants. The power of the court over infants thus before it is not limited to orders as to custody.

The superior court of Marion county has jurisdiction of all suits in equity, and, therefore, has the power to control the person and custody of infants except when the statute provides otherwise. *Leibold* v. *Leibold, supra,* and authorities cited.

In this case, the court, after hearing the evidence, awarded the custody of said child to the mother, Jessie R. Bullock. Said child was in the custody of the court, and was subject to its jurisdiction. The power of the court, under such circumstances, to award its custody to either parent or to a third party in said proceeding, as its welfare and best interests required, was full and complete, and did not depend on the technical sufficiency of the returns; nor was such power limited or controlled by the allegations thereof.

It follows, that in such a case as the one in hand, where custody is awarded by the court upon the evidence, such

judgment will not be reversed upon rulings which merely go to the sufficiency of the return. The evidence is not before us, nor has any attempt been made to bring it into the record.

Judgment affirmed.