## COTTRELL ET AL. *v.* BOOTH.

[No. 20,671. Filed January 11, 1906. Rehearing denied May 15, 1906.]

HABEAS CORPUS.—*Guardian and Ward.—Immorality of Guardian. —Remedy.—Statutes.*—Under §2682 Burns 1901, §2518 R. S. 1881, providing that the legal guardian, the father and mother being dead, shall have the custody of his wards, and §1121 Burns 1901, §1107 R. S. 1881, giving a guardian the right to the writ of *habeas corpus,* the guardian's right to such writ cannot be denied on the ground of such guardian's immorality, the remedy in such case being a petition for his removal under §2688 Burns 1901, §2524 R. S. 1881.

From Henry Circuit Court; *John M. Morris,* Judge.

Petition by Matilda Booth against John Cottrell and another. From a judgment for petitioner, defendants appeal. *Affirmed.*

*William A. Brown* and *Fred C. Gause,* for appellants.
*Walker & Foster,* for appellee.

GILLETT, C. J.—This is a *habeas corpus* proceeding, instituted by appellee, who is the guardian of Ruby Pearl Miller and Lennie Wando Miller, minors, to obtain their custody. The court below sustained appellee's exception to appellants' amended return, and, as they refused to plead further, final judgment was rendered that they forthwith deliver said minors to the custody of appellee until the further order of the court. The question as to the sufficiency of said return is before us. In substance, it alleges that appellee is a person of bad moral character, and is not a fit and proper person to have the custody and rearing of said children.

Section six of the guardianship act (§2682 Burns 1901, §2518 R. S. 1881) is as follows: "Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust: Provided, that the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor." Section eleven of said act (§2688 Burns 1901, §2524 R. S. 1881) provides that the court or judge may remove a guardian, upon a written application of his ward, or of any person upon behalf of such ward, for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, removal from the State, or any other cause which in the opinion of such court or judge renders it for the interest of such ward that the guardian should be removed. The civil code authorizes the granting of writs of *habeas corpus* in favor of guardians. §1121 Burns 1901, §1107 R. S. 1881.

Where the father and mother of an infant ward are dead, the provision of §2682, *supra,* in favor of the guardian, is mandatory. *Johns* v. *Emmert* (1878), 62 Ind. 533;

*Palin* v. *Voliva* (1902), 158 Ind. 380. Under the statutes above cited, it is plain that in this case the right to the custody of the children is an incident of the office of the guardian; that this right may be enforced by *habeas corpus,* and that the initial step which respondents should take, if the state of facts alleged by them in their return is true and they desire the custody of said wards, is to make an application under §2688, *supra,* for the removal of the guardian. The court below did not err in sustaining the exception to the amended return.

Judgment affirmed.