## Shoaf, Guardian, v. Livengood.

[No. 21,313. Filed June 1, 1909. Rehearing denied October 8, 1909.]

1. GUARDIAN AND WARD.—*Custody.*—*Habeas Corpus.*—*Unfitness of Guardian.*—*Removal.*—The legal guardian has a *prima facie* right to the custody of his ward and may enforce such right by *habeas corpus,* but such right may be overthrown, without the filing of any petition for such guardian's removal, by proof of such guardian's unfitness, the welfare of the child being the vital question. *Johns* v. *Emmert,* 62 Ind. 533, and *Palin* v. *Voliva,* 158 Ind. 380, distinguished. *Cottrell* v. *Booth,* 166 Ind. 469, overruled. pp. 712, 715.

2. PARENT AND CHILD.—*Custody.*—A father has the legal right. to the custody of his children, but such right cannot overthrow the rights of the children where their welfare demands a cessation of such custody.  p. 714.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by David Shoaf, as guardian of Loren Livengood, an infant, against George Livengood.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*Clodfelter & Hesler,* for appellant.
*W. T. Whittington* and *R. H. Williams,* for appellee.

JORDAN, J.—Action by appellant, David Shoaf, as guardian of Loren Livengood, an infant, to obtain through a writ of *habeas corpus* the custody and possession of said child.   In brief, the following are the facts alleged in the petition to secure the writ:  Appellant is the child's grandfather on the maternal side.  The child is six years old.  Since March 29, 1907, appellant has been the duly appointed and qualified guardian of the estate of said infant.  The father and mother of the latter are dead.  Appellant avers in his petition that, as such guardian, he is entitled to have the possession, care, custody and management of his said ward; that appellee is wrongfully in possession of the child, and wrongfully and unlawfully detains him at his home in the town of Wayne-town, Montgomery county, Indiana, and unlawfully deprives appellant of the custody thereof, although he has demanded of said appellee that he surrender the possession and control of said child; that he is prepared to furnish his said ward a good home, and to look after the proper education and management thereof.  On the filing of the petition, the lower court ordered that a writ of *habeas corpus* be issued, which was accordingly done.  It will be noted that the petition for the writ proceeds alone on the grounds that because appellant is the guardian of the estate of the child, its parents are dead, therefore, under the provisions of §3065 Burns 1908, §2518 R. S. 1881, he, as a matter of right, is entitled to have

the custody, care and education thereof, without regard to the question of his fitness, or whether the welfare of the child will be promoted or subserved thereby. This appears to be the view entertained by his counsel. Section 3065, *supra,* reads as follows: "Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust: Provided, that the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor."

Appellee filed a return in two paragraphs to the writ, the first of which was the general denial. The second sets out substantially the following facts: Said child, Loren Livengood, was born on January 11, 1902. His parents, Arthur Livengood and Ella Livengood, are both deceased. The defendant, George Livengood, is the paternal grandfather of the child. The petitioner, David Shoaf, is the great-grandfather on the maternal side. The child's mother, Ella Livengood, died on November —, 1905, leaving surviving her her husband, Arthur Livengood. Shortly after the death of the mother the child was placed in the home of the defendant by his father, and became and was a member of defendant's family from said time until June, 1907. In the latter month the father married and established a home of his own, and took said child to his home and kept him until a short time prior to December 3, 1907. Arthur Livengood died on December 3, 1907, and prior to his death, when he knew that he was fatally afflicted, it was agreed between him and the defendant, George Livengood, that the latter was to take said child into his home, and, at his own expense, educate, maintain, board and clothe him. The father and defendant both expressly agreed to such arrangement, and immediately upon the death of the father the defendant took said Loren into his own home, and has ever since said time been carrying out such arrangement, and in pursuance thereof he has furnished

said child a home, has clothed, boarded, and is proceeding to educate him in accordance with said agreement, wholly at his own expense. At all times he has complied with and carried out all the terms and conditions of said agreement. He and his wife under said agreement have kept said child in their home as a member of their own household, and they have become very much attached to the child, and love him as though he were their own child. By reason of these close associations, the child has learned to love both the defendant and his wife as though they were his parents. They have had the care and custody of the child until his affections for the defendant and his wife have become so firmly fixed that to separate them would serve to mar and endanger the future happiness and welfare of the child. The defendant is amply able to, and will, care for, support and educate the child, give him a good home, surround him with the necessary comforts of life, and treat him as a member of his own household. if he is allowed to retain the custody thereof.

It is alleged that, at the time of the appointment of plaintiff as guardian of the child, Arthur Livengood, then in life, was not notified, and had no knowledge whatever, of the proceedings which plaintiff instituted to have himself appointed as guardian; that at said time the child and his father were both *bona fide* residents of Montgomery county, Indiana, and were not residents of Fountain county, Indiana, in which county the appointment of guardian was made by the proper authority; that the guardian, David Shoaf, is about eighty years old; that he has no home of his own, but makes his home among his children and relatives; that the wife of said David died many years ago; that he is old, infirm, uneducated, illiterate and unable properly to care for, support and educate the child; that there is no mutual love and affection between said guardian and ward, and that said guardian is not a proper person to have the care and custody of said Loren; that the latter desires to remain in the home and under the custody of the defendant, and does not desire to

be placed under the control of his said guardian, David Shoaf; that the defendant does not restrain said child of its liberty, but simply retains the custody thereof, and looks after and cares for it as a member of his own household; that he is a suitable and proper person to have the care and custody of the child, and that he has a good home, and is amply able and willing to care for, clothe and educate said infant. Wherefore he asks that he be permitted to retain the custody of the child, and that he have judgment awarded him accordingly. This return was duly verified on June 15, 1908.

To this return plaintiff filed exceptions, wherein he states that he excepts to each paragraph of the return, and for cause of exception says that each paragraph of the return fails to state facts sufficient to constitute cause for the further detention of the infant by the defendant; that each paragraph of the answer is wholly insufficient to deprive the plaintiff as guardian of the custody and possession of the child; that the pretended claim, under and by virtue of which the defendant asserts his right of further detention, is groundless and without warrant of law; that such answer and return do not state facts sufficient to constitute a cause of defense to plaintiff's petition; and that neither paragraph of return states facts sufficient to constitute a cause of defense to plaintiff's petition. The court overruled the exceptions, to which ruling plaintiff excepted, and then replied by the general denial. Upon the issues as joined there was a trial by the court, and upon the evidence introduced the court found that the plaintiff take nothing by reason of this action, and that it was for the best interest of said Loren Livengood to remain in the home of the defendant, and that the facts set forth in the return of the defendant are true. Thereupon the court entered its judgment, ordering and decreeing that the plaintiff take nothing by reason of his action, and that it is for the best interest of said Loren Livengood to remain in the home of the defendant, and that the defendant recover costs. The plaintiff then moved that the court grant

a new trial, setting out his reasons therefor. This motion was overruled, to which he excepted. The reasons for a new trial depend upon the evidence, and as the latter is not in the record, the motion for a new trial presents no question for our consideration. The sole question for reversal, therefore, arises upon the sufficiency of appellant's exceptions to the return.

Counsel for appellant insist that the exceptions to appellee's return to the writ should have been sustained, because the petition discloses that appellant is the guardian of the infant child. Therefore they advance the argument that by reason of the mandatory provisions of §3065 Burns 1908, §2518 R. S. 1881, the trial court was divested of all discretion in the matter, and should have awarded the custody of the child to appellant, its guardian. Counsel further insist that this must be true, for the reason that §3065, *supra,* is mandatory, and stands "paramount and supremely higher than the lower court," regardless of any facts alleged in the return to establish the unfitness of the guardian to have the custody, care and education of his ward, or that such custody and care would not conduce to the best interest and welfare of the child. Counsel argue that if appellant is unfit to have the custody of his ward on account of immorality on his part, or by reason of the unfitness imputed to him in the return, then appellee should have resorted to §3071 Burns 1908, §2524 R. S. 1881, to have him removed as guardian, and secure the appointment of himself instead; that until appellant had been removed his right to the custody of the child, under the provisions of §3065, *supra,* is conclusive, and cannot be controverted in an action of *habeas corpus* presented by him to obtain the custody and possession of his ward. Section 3071, *supra,* provides that the judge by whom, or by whose clerk, any guardian has been appointed "may, at any time, remove such guardian, * * * for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, removal from the State,"

etc. Counsel for appellant, to sustain their view of the law, refer to *Johns* v. *Emmert* (1878), 62 Ind. 533; *Palin* v. *Voliva* (1902), 158 Ind. 380, and *Cottrell* v. *Booth* (1906), 166 Ind. 469.

None of these decisions, except the last, can be said, under the facts in this case, to support appellant's contention. It will be noted that the return to the writ, among other things, shows that appellant, the guardian, is eighty years old, is infirm, his wife is dead, and he has no home of his own, but resides among his children and other relatives, and is unable to care for, support and educate the child in question. It is further disclosed that there is no mutual love and affection existing between the child and appellant. On the other hand, it appears that appellee and his wife have given the child a good home and treat him as though he were their own offspring. They afford him all the comforts of life, and are able properly to care for and educate him. In considering the sufficiency of the second paragraph of the return, we do not regard as controlling, as against the legal right of appellant to the custody of the child, the fact that his father, a short time previous to his death, committed the child to the custody and care of appellee. But the return is sufficient alone upon the showing which it presents in respect to the unfitness or unsuitableness of appellant to have the custody, care and education of this infant child. Considering his age, and his infirmities incident thereto, and the further fact that he has no home of his own, makes it manifest that to commit the child to his custody would not be for the child's best interest or future welfare, which is the chief object to be attained, and one which must be the guide for the court in such cases. These facts, as disclosed by the return, overthrow the legal right of appellant to have the custody, care and control of this child. *Brooke* v. *Logan* (1887), 112 Ind. 183, 2 Am. St. 177; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384; *Berkshire* v. *Caley* (1901), 157 Ind. 1; *Gilmore* v. *Kitson* (1905),

165 Ind. 402; *People, ex rel.,* v. *Walts* (1890), 122 N. Y. 238, 25 N. E. 266; Church, Habeas Corpus (2d ed.), §457c.

The second paragraph of the return being sufficient, for this reason we sustain it, over the general exceptions of appellant. *Brooke* v. *Logan, supra.*

*Johns* v. *Emmert, supra,* and *Palin* v. *Voliva, supra,* are decisions upon which counsel for appellant place much stress in support of their contention. It is true that in each of these cases this court affirmed that the provisions of §3065, *supra,* were mandatory, but this alone does not avail appellant. His counsel appear to have overlooked the fact that in *Johns* v. *Emmert, supra,* the court said: "Neither in appellee's return to the writ, nor in the evidence adduced on the hearing, was there any cause shown why the appellant's legal right to the custody of his ward should be denied him."

In *Palin* v. *Voliva, supra,* this court also said: "The evidence given on the hearing does not show any reason why appellee's legal right to the custody of his ward should be denied." These expressions of the court in the two cases in question clearly distinguish them, under the facts, from the case now before us, for, as heretofore shown, the facts alleged in the return overthrow appellant's legal right, under §3065, *supra,* to the custody of his infant ward.

*Bounell* v. *Berryhill* (1851), 2 Ind. 613, was a *habeas corpus* proceeding by the guardian to obtain the custody of certain children who were his wards. The court in that case said: "The petitioner stands in the same situation in regard to the custody of the children as the father."

In *Berkshire* v. *Caley, supra,* we said: "While the legal rights of the father to have the custody of his minor child should be respected by a court, still the general welfare or best interest of the infant is paramount in consideration and is of controlling influence, and the rights of the parents must be considered as secondary or subordinate to the welfare of the child."

The same rule applies to a guardian. His legal right under the statute must be considered as secondary or subordinate to the interest or welfare of his ward. While it is true that a guardian appointed by the court, in case the father and mother of the infant ward are both dead, stands, under the provisions of §3065, *supra, in loco parentis,* his rights as such guardian are no greater than those of the father would be, were he living. There are many cases in this jurisdiction and in sister states where the courts have denied the legal right of the father to the custody of his minor child, on the ground that the best interest or welfare of the child would not be subserved by permitting the father to have the custody thereof. *Bounell* v. *Berryhill, supra; Jones* v. *Darnell* (1885), 103 Ind. 569, 53 Am. Rep. 545, and authorities cited; *Joab* v. *Sheets* (1885), 99 Ind. 328; *Bryan* v. *Lyon* (1885), 104 Ind. 227, 54 Am. Rep. 309; *Hussey* v. *Whiting* (1896), 145 Ind. 580, 57 Am. St. 220; *Berkshire* v. *Caley, supra; Gilmore* v. *Kitson, supra; People, ex rel.,* v. *Walts, supra.*

Appellant's contention that appellee in this case is limited to a proceeding under §3071, *supra,* to remove the guardian on account of the unfitness set up in the return, is untenable. That appellee might, as he did in this case, allege such unfitness or unsuitableness of appellant in order to overthrow the right of the latter to the custody of the child—which right he was seeking to have the court enforce in this action—is well sustained by the authorities hereinbefore cited. Common experience demonstrates that a guardian may in some cases be well fitted and competent to have charge of and manage the estate of his ward, and yet be not a fit or suitable person to have the custody, care and education of the ward. In *Brooke* v. *Logan, supra,* this court held that in a proceeding, under the statute, by a father to remove the guardian of his minor child, and to be himself appointed as guardian, the judgment of the court therein, in

refusing to remove the guardian, did not involve the right to the custody of the ward, and was no bar to a subsequent proceeding by *habeas corpus* to secure the custody thereof. In that appeal the court, in distinguishing between an action of *habeas corpus* by the father to secure the custody of his minor child, and a proceeding by the father to remove the guardian thereof, and to have himself appointed as such, said: "In this proceeding [*habeas corpus*] the right asserted on the part of the plaintiff is simply the right to have the custody of the child, as that right is given him by the statute under which appellee was appointed. * * * This proceeding may be sustained by evidence which in noway affects appellee's rights, powers and duties as guardian under the statute. In that proceeding [to remove] it was necessary to go further, and show some cause why he should be removed as such guardian both of the person and estate of the ward."

So far as the decision of *Cottrell* v. *Booth* (1906), 166 Ind. 469, may be said to sustain appellant's contention that appellee is confined to a proceeding to remove him as guardian on account of his unfitness, and cannot be permitted in this action to interpose such unfitness in order to defeat his right to be awarded the custody of the ward, that case is expressly disapproved. The whole question in respect to the custody of the child in question was, under the facts in the case, addressed to the sound legal discretion of the trial court. It had before it the parties, heard all of the evidence, and thereupon denied the right which appellant demanded, and left the custody of the child with appellee. In the absence of the evidence, we cannot say that the court, in withholding from appellant the custody of his ward, in any manner abused its legal discretion. We find no error in the record.

Judgment affirmed.

Montgomery, J., concurs in the result.