## CORN *v.* HOLLON.

[No. 23,678.   Filed October 26, 1921.]

1. APPEAL.—*Review.*—*Weighing Conflicting Evidence.*—The Supreme Court will not weigh conflicting oral testimony, and cannot accept as true any statements of appellant's counsel tending to show that the decision was erroneous unless they are clearly proved by uncontradicted evidence.   p. 249.

2. PARENT AND CHILD.—*Custody of Child.*—*Conflicting Evidence.*—*Presumptions.*—In an action by maternal grandmother of a child against the father to determine the custody of the child, where the evidence was conflicting, but showed that the grandmother was in good health and of good character and had property, the decision of the trial judge, who saw the witnesses, and heard them testify, and seemed to have personal knowledge of the places and homes about which they testified, awarding the child to the grandmother during the school year and to its father during vacation, will be assumed correct.   p. 250.

3. PARENT AND CHILD.—*Custody of Child.*—*Welfare of Child.*—The welfare of the child, and his right to a home and an opportunity to attend school, must not be sacrificed, even to the claim of the father to its custody.   p. 251.

From Pike Circuit Court; *W. D. Curll,* Judge *pro tem.*

Action by Anna Hollon against Dewitt Corn. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank Ely,* for appellant.

*Harry W. Carpenter,* for appellee.

EWBANK, J.—Appellant is the father and has also been appointed as guardian of Hollon Corn, a boy who was seven years old at the time this case was tried by the circuit court, and who is the only grandchild of appellee, being the child of her only daughter. The mother of Hollon Corn is dead, as is also the husband of appellee. This action was commenced by appellee to regain possession of the child, after appellant had carried him away from the home of appellee, where he had been staying while attending a school that had recently closed.

The judgment appealed from, awarded the custody of the child to the appellee, his maternal grandmother, during each school year, and to the appellant, his father, from the close of the school term in the town of Winslow, where appellee lives, until the school should reopen in the fall of each year, and provided that while the child is in the custody of appellant the appellee may visit him at reasonable times for forty-eight hours at a time, and that while appellee has the custody of the child, appellant and his parents shall have the same right to visit and be visited by the child, and that each party should pay his own costs.

The only alleged error set out and discussed in appellant's brief is overruling the motion for a new trial for the alleged reasons that the decision is not 1. sustained by sufficient evidence, and is contrary to law. The briefs of appellant and appellee do not agree in their respective recitals of parts of the

evidence, but we have read all of the evidence as set out in the transcript.

Counsel for the appellant base their argument upon certain assumed facts, some of which are not proved by any evidence appearing in the record, and others of which were expressly and specifically denied by the appellee and other witnesses when testifying in the circuit court. No rule of appellate practice is more firmly established than the rule that this court will not weigh conflicting oral testimony, and cannot accept as true any statements of counsel for the appellant tending to show that the decision was erroneous unless they are clearly proved by uncontradicted evidence. We must accept as true all testimony which sustains or tends to sustain the decision of the trial court, and reject as untrue all testimony in conflict therewith, and disregard all suggestions that facts exist of which there is no evidence.

Tested by this rule we must accept as true the testimony that appellee had cared for the child from infancy and had made all its clothes; that appellant had

2. separated from his wife three years before the suit was brought, and in the next two years and a half did not visit the child nor provide for it, except that he once sent his wife $5, and that he made an allotment to his wife when drafted for army service two years after the separation; that the appellant had no satisfactory home at which to keep the child except in the summer time, when the school taught by his father was not in session; that the appellee had a good home, property worth $5,000, good health, a good character, and great love for the child, and lived in a town where it had been attending school; and that the parties had an agreement that the child should live with appellee through the school term, and during the remainder of the year should stay with his father at the home

which the paternal grandparents occupied in the summer time until the bringing of a suit to quiet title estranged them. The trial judge saw the witnesses and heard them testify, and seems to have had personal knowledge of the places and homes about which they testified, and, so long as no rule of law was contravened, we must assume that his decision was right.

The welfare of the child, and his right to a home and an opportunity to attend school, must not be sacrificed, even to the claim of the father to his custody.

3.  *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 388, 47 N. E. 825; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 8, 60 N. E. 696; *Bullock* v. *Robertson* (1902), 160 Ind. 521, 522, 65 N. E. 5; *Shoaf* v. *Livengood* (1909), 172 Ind. 707, 715, 88 N. E. 598; *Mahan* v. *Hendricks* (1912), 181 Ind. 630, 99 N. E. 418.

The judgment is affirmed.

Myers, J., absent.